UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON

-----------------------------------------------------------x
In re:                                             :    Case No. 10-61033
                                                   :
THE HERALD PRINTING COMPANY                        :    Chapter 11
                                                   :
  an Ohio corporation,                      :    Judge Russ Kendig
                                                   :
        Debtor and                 :
        Debtor-in-Possession.      :
                                                   :
(Employer Tax I.D. No. 34-1050454)                 :
-----------------------------------------------------------x

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER
(I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROFESSIONALS ON A MONTHLY BASIS
AND (II) LIMITING SERVICE OF NOTICES
<u>OF HEARINGS ON INTERIM APPLICATIONS FOR COMPENSATION</u>**

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves the Court for the entry of an order (i) establishing procedures for interim compensation and reimbursement of expenses of professionals on a monthly basis and (ii) limiting service of notices of hearings on interim applications for compensation.

In support of this Motion, the Debtor respectfully represents as follows:

<u>**Background**</u>

1.    On March 17, 2010 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy

Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). The Debtor is continuing in possession of its property and is operating and managing its business, as debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtor's chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules.

3. The Debtor started in business in 1881 and was acquired by the Bordner family in the early part of the twentieth century. Under the Bordner family ownership, the Debtor grew to a business with annual sales of over $12,000,000 and over 100 employees in its New Washington, Ohio facility.

4. The Debtor started in business in 1881 and was acquired by the Bordner family in the early part of the twentieth century. Under the Bordner family ownership, the Debtor grew to a business with annual sales of over $12,000,000 and over 100 employees in its New Washington, Ohio facility.

5. In July 2002, Robert Bordner sold the Debtor's facility to Stump Investments, Ltd which is owned by Mr. David Stump. Mr. Stump was a member of the Debtor's management and a minority stockholder. Mr. Stump also bought the Bordner family's stock making Mr. Stump the Debtor's majority shareholder. As a result of the purchase of the shares of the Debtor and its facility by Mr. Stump, the Debtor became indebted to Citizens Banking Company in excess of $4,000,000. The debts to Citizens Banking Company were restructured and new loan documents were executed. Citizens Banking Company sold its claim against the Debtor to PAF Investments LLC ("PAF"). As of March 3, 2010, PAF claimed to be owed the amount of $3,137,177.59.

6. Since the 2002 acquisition, the Debtor's sales have dropped approximately $7,000,000 annually. The drop in the Debtor's sales is due in large part to the loss of one of its largest customers: MTD. MTD bought a printing company and began doing its printing in-house, thereby costing the Debtor over $1,000,000 in sales annually. Additionally, general economic conditions and market forces in the printing industry have driven the Debtor's sales down.

7. Beginning in 2005, the Debtor began negotiations for a restructuring plan with its lenders listed above and its trade creditors. Those negotiations culminated in the execution of a Term Sheet among Citizens Bank, First Federal Bank of Ohio, Robert Bordner and the Debtor for a 3-year restructuring plan for the Debtor. At the end of the restructuring term in 2009, the Debtor had not achieved the desired results and remained over leveraged.

8. In addition to the debts incurred related to the 2002 acquisition, the Debtor owes $1,000,000 to trade vendors even after the debt forgiven by tread creditors through the 2006 restructuring plan.

9. The Debtor commenced the instant chapter 11 case to address the over leveraged condition that existed from the 2002 acquisition due to the reduced sales since that time.

10. Since the 2002 acquisition, the Debtor's sales have dropped approximately $7,000,000 annually. The drop in the Debtor's sales is due in large part to the loss of one of its largest customers: MTD. MTD bought a printing company and began doing its printing in-house, thereby costing the Debtor over $1,000,000 in sales annually. Additionally, general economic conditions and market forces in the printing industry have driven the Debtor's sales down.

11. Beginning in 2005, the Debtor began negotiations for a restructuring plan with its lenders listed above and its trade creditors. Those negotiations culminated in the execution of a Term Sheet among Citizens Bank, First Federal Bank of Ohio, Robert Bordner and the Debtor for a 3-

3

39974

10-61033-rk    Doc 6    FILED 03/17/10    ENTERED 03/17/10 11:59:57    Page 3 of 12

year restructuring plan for the Debtor. At the end of the restructuring term in 2009, the Debtor had not achieved the desired results and remained over leveraged.

12. In addition to the debts incurred related to the 2002 acquisition, the Debtor owes $1,000,000 to trade vendors even after the debt forgiven by tread creditors through the 2006 restructuring plan.

13. The Debtor commenced the instant chapter 11 case to address the over leveraged condition that existed from the 2002 acquisition due to the reduced sales since that time.

## Relief Requested

14. Pursuant to section 331 of the Bankruptcy Code, all professionals employed under sections 327 or 1103 of the Bankruptcy Code are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court so permits. The Debtor requests that procedures for compensating and reimbursing Court-approved professionals (the "Professionals") on a monthly basis be established. Such an order would enable the Court and other parties in interest to monitor the professional fees and the expenses incurred in this chapter 11 case on a regular basis, and such an order would minimize the financial risk and burden of the Professionals.

15. The Debtor proposes the following procedures:

   (a) On or before the 15th day of each month, each Professional employed in this case shall deliver to the Debtor a statement for services provided and expenses incurred during the prior month. Copies of each statement shall be delivered to the Debtor's counsel and the United States trustee (collectively, the "Notice Parties"). The Debtor shall pay 80% of fees and 100% of expenses in each statement within ten days of receipt, provided sufficient funds are available and provided further, that the Debtor does not object to the fees and expenses. These payments shall be subject to the Court's review as part of the standard fee application process, which shall take place approximately every four months (as described below).

4

39974

10-61033-rk    Doc 6    FILED 03/17/10    ENTERED 03/17/10 11:59:57    Page 4 of 12

(b) Every four months, each of the Professionals shall file with the Court, on or before the 30th day following the last day of the compensation period for which compensation is sought, an application for (i) interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and/or reimbursement of expenses requested for the prior four months and (ii) payment of the 20% of fees not paid pursuant to subparagraph (a) above. The first such application shall be filed on or before August 31, 2010, and shall cover the period from the Petition Date through July 31, 2010. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the application is submitted. Such applications shall be served on the Debtor and the Notice Parties.

(c) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

(d) Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

16. The procedures suggested herein, if approved, would enable parties in interest to monitor the Debtor's costs of administration. The procedures also would allow the Debtor to avoid accruing, but not paying, significant professional fees and would, as a result, minimize the cash flow impact of such fees.

## Applicable Authority

17. Section 331 of the Bankruptcy Court provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

39974

11 U.S.C. § 331.

18. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, it is within the Court's equitable power to grant the relief requested herein. Moreover, courts in Ohio and in this district have established similar procedures in other chapter 11 cases. See, e.g., In re Unicast, Inc., 214 B.R. 979, 982 (Bankr. N.D. Ohio 1997) (discussion of order granting professional's application and authorizing payment of fees and expenses on a monthly basis); In re Republic Technologies International, LLC, No. 01-51117 (Bankr. N.D. Ohio. filed July 5, 2001) (Judge Shea-Stonum); In re Bush Leasing, Inc., No. 00-30098 (Bankr. S.D. Ohio. filed Mar. 1, 2000) (Judge Waldron); In re DeVlieg-Bullard, Inc., No. 99-52111 (Bankr. N.D. Ohio. filed Oct. 19, 1999) (Judge Shea-Stonum).

19. The Debtor's proposal for compensating the Professionals, as outlined above, is an effort to effect a compromise between the statutory policy that professionals should be paid only reasonable compensation (and should not be allowed to take advantage of the bankruptcy process) and the policy of allowing professionals to be paid on at least a timely enough basis that they can reasonably undertake the case. See, In re Unicast, 214 B.R. at 1002. Thus, the Debtor's request that procedures for compensating and reimbursing Court-approved Professionals on a monthly basis be established should be granted.

**Memorandum in Support**

20. This Motion is not accompanied by a memorandum in support because (a) relevant statutory and case law is cited herein and (b) proposed findings of fact and conclusions of law, to the extent applicable to this matter, are set forth in the proposed order attached to this

Motion as Exhibit A. Accordingly, the Debtor requests that the Court waive the requirement set forth in Local Bankruptcy Rule 9013-1(a) that a memorandum in support accompany all motions.

## Notice

21. Notice of this Motion has been given to the United States trustee, the Debtor's secured creditors, the Debtor's 20 largest unsecured creditors (as set forth in the Debtors' chapter 11 petition) and all parties who have filed a notice of appearance and request for notice with the Clerk of this Court. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be given.

## Conclusion

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A: (i) establishing procedures for interim compensation and reimbursement of expenses of Professionals on a monthly basis; (ii) limiting the notices of hearing to consider interim applications for compensation and reimbursement of expenses; and (iii) granting the Debtor such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, Ohio 44702
Telephone: (330) 588-9700
Facsimile: (330) 588-9713
E-mail: ajdlaw@sbcglobal.net

PROPOSED COUNSEL FOR
THE DEBTOR AND
DEBTOR IN POSSESSION

39974

7

10-61033-rk    Doc 6    FILED 03/17/10    ENTERED 03/17/10 11:59:57    Page 7 of 12

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON**

---------------------------------------------------------x
In re:                                            :     Case No. 10-61033
                                                  :
THE HERALD PRINTING COMPANY       :     Chapter 11
                                                  :
  an Ohio corporation,                    :     Judge Russ Kendig
                                                  :
       Debtor and               :
       Debtor-in-Possession.    :
                                                  :
(Employer Tax I.D. No. 34-1050454)      :
---------------------------------------------------------x

**ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS
ON A MONTHLY BASIS; AND (II) LIMITING SERVICE OF NOTICES
<u>OF HEARINGS ON INTERIM COMPENSATION</u>**

     This matter came to be considered on the Motion of Debtor for Entry of an Order (I)

Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals on a Monthly Basis; and (II) Limiting Service of Notices of Hearings on Interim

Applications for Compensation (the "Motion"), filed by the above-captioned debtor and debtor in possession (the "Debtor"); the Court having reviewed the Motion; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (c) venue of this chapter 11 case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED.

2. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Motion.

3. The following procedures for interim compensation and reimbursement of expenses of Professionals on a monthly basis shall be, and hereby are, established:

> (a) On or before the 15th day of each month, each Professional employed in this case shall deliver to the Debtor a statement for services provided and expenses incurred during the prior month. Copies of each statement shall be delivered to the Debtor's counsel and the United States trustee (collectively, the "Notice Parties"). The Debtor shall pay 80% of fees and 100% of expenses in each statement within ten days of receipt, provided sufficient funds are available and provided further, that the Debtor does not object to the fees and expenses. These payments shall be subject to the Court's review as part of the standard fee application process, which shall take place approximately every four months (as described below).
>
> (b) Every four months, each of the Professionals shall file with the Court, on or before the 30th day following the last day of the compensation period for which compensation is sought, an application for (i) interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code,

(c)   of the compensation and/or reimbursement of expenses requested for the prior four months and (ii) payment of the 20% of fees not paid pursuant to subparagraph (a) above. The first such application shall be filed on or before August 31, 2010, and shall cover the period from the Petition Date through July 31, 2010. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the application is submitted. Such applications shall be served on the Debtor and the Notice Parties.

(c) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

(d) Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

4.   Service of the notices of hearings to consider interim applications of the Professionals in this case shall be limited to the Notice Parties and all parties who have filed a notice of appearance with the Clerk of this Court and requested such notice.

5.   All fees paid to Professionals retained in this case pursuant to this Order are subject to final approval of the Court. Nothing herein shall be construed in any way to limit

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

ability of the Court to review and evaluate the reasonableness or propriety of any fees and expenses requested or paid pursuant to this Order.

# # #

PREPARED BY:

Anthony J. DeGirolamo (0059265)
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, Ohio 44702
Telephone: (330) 588-9700
Facsimile: (330) 588-9713
E-mail: ajdlaw@sbcglobal.net

PROPOSED COUNSEL FOR THE
DEBTOR AND DEBTOR IN POSSESSION