**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION, CANTON**

---------------------------------------------------------x
In re:                                                  :    Case No. 10-61033
                                                        :
THE HERALD PRINTING COMPANY                             :    Chapter 11
                                                        :
  an Ohio corporation,                          :    Judge Russ Kendig
                                                        :
      Debtor and             :
      Debtor-in-Possession.  :
                                                        :
(Employer Tax I.D. No. 34-1050454)                      :
---------------------------------------------------------x

### MOTION OF THE DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE

The above-captioned debtor and debtor in possession (the "Debtor"), hereby moves the Court, pursuant to section 363 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of interim and final orders authorizing the Debtor to use Cash Collateral (as such term is defined in section 363(a) of the Bankruptcy Code).

In support of this Motion, the Debtor respectfully represents as follows:

## I. Background

1. The Debtor started in business in 1881 and was acquired by the Bordner family in the early part of the twentieth century. Under the Bordner family ownership, the Debtor grew to a business with annual sales of over $12,000,000 and over 100 employees in its New Washington, Ohio facility.

2. In July 2002, Robert Bordner sold the Debtor's facility to Stump Investments, Ltd which is owned by Mr. David Stump. Mr. Stump also bought the Bordner family's stock making Mr. Stump the Debtor's majority shareholder. As a result of the purchase of the shares of the Debtor and its facility by Mr. Stump, the Debtor became indebted to Citizens Banking Company in excess of $4,000,000.

3. Since the 2002 acquisition, the Debtor's sales have dropped approximately $7,000,000 annually. The drop in the Debtor's sales is due in large part to the loss of one of its largest customers: MTD. MTD bought a printing company and began doing its printing in-house, thereby costing the Debtor over $1,000,000 in sales annually. Additionally, general economic conditions and market forces in the printing industry have driven the Debtor's sales down.

4. Beginning in 2005, the Debtor began negotiations for a restructuring plan with its lenders listed above and its trade creditors. Those negotiations culminated in the execution of a Term Sheet and restated and amended loan documents among Citizens Bank, First Federal Bank of Ohio, Robert Bordner. The agreements were part of 3-year restructuring plan for the Debtor. At the end of the restructuring term in 2009, the Debtor had not achieved the desired results and remained over leveraged. The restructured debts to Citizens Banking Company against the Debtor were sold to PAF Investments LLC ("PAF" or the "Lender"). As of March 3, 2010, PAF claimed to be owed the amount of $3,137,177.59. The amended and restated loan documents

-2-

39980

10-61033-rk    Doc 13    FILED 03/17/10    ENTERED 03/17/10 12:10:07    Page 2 of 15

purchased by PAF are voluminous and not practical to accompany this Motion. They are available upon request to Debtor's proposed counsel.

5. In addition to the debts incurred related to the 2002 acquisition, the Debtor owes $500,000 to trade creditors even after the debt forgiven by trade creditors through the 2006 restructuring plan.

6. The Debtor commenced the instant chapter 11 case to address the over leveraged condition that existed from the 2002 acquisition because of the Debtor's reduced profits and to address the large trade payables that have accrued as well.

## II. The Debtor's Need for Use of Cash Collateral

7. The Debtor requires the use of cash collateral to continue its business operations and to pay its regular daily expenses including employees' wages, utilities, and their other costs of doing business. The use of cash collateral as set forth in the Interim Order, a copy of which is attached hereto as Exhibit A, will provide the Debtor with funds sufficient to operate its business on an interim basis through March 31, 2010.

8. The Debtor does not currently have a source of cash that is not asserted to be cash collateral. The Debtor requires cash to meet postpetition payroll, to pay necessary business expenses, and to continue its operations. The Debtor has provided a detailed and reasonable estimate of the cash needs of the Debtor for its operations in the form of a week-to-week line item interim budget (the "Interim Budget"), a copy of which is attached to this Motion as Exhibit B showing an immediate need for cash on the Petition Date.

9. The ability of the Debtor to continue in business and remain a viable entity and to have any prospect to propose a plan of reorganization under chapter 11 of the Bankruptcy Code depends upon obtaining such authority to immediately use cash collateral on the Petition Date.

10. Absent the requested relief, the Debtor will be unable to pay its payroll and payroll expenses, operating expenses, and to otherwise operate its businesses and preserve its assets. Immediate and irreparable harm to the Debtor's business and value of its estate will occur absent the relief requested herein.

11. Pursuant to section 363(c)(2) of the Bankruptcy Code, if the Prepetition Lenders' interest in cash collateral is valid, the Debtor may use cash collateral only with the consent of the Prepetition Lenders or with the Court's approval. By this Motion, the Debtor requests that the Court authorize the Debtor to use cash collateral, in the ordinary course of its business, including, but not limited to, meeting its working capital needs. The Interim Order limits the Debtor's use of cash collateral to the amounts and uses set forth in the Interim Budget attached to this Motion and the Interim Order. In addition, the Interim Order grants to the Lender additional protections as adequate protection of its security interests.

12. The Lender's interest in cash collateral is adequately protected. Such adequate protection will be provided to the Lender through the preservation of the Debtor's value as going concern.

13. Approval of the attached Interim Order is in the best interest of the Debtor's estate, and the Debtor believes that other creditors, including holders of the notes, will not be prejudiced by the entry of the Interim Order.

14. The Debtor requests that it be immediately authorized, pursuant to section 363(c) of the Bankruptcy Code, to use cash collateral according to the terms of the Interim Order.

### III. <u>The Necessity for Both Interim and Final Relief</u>

15. Absent use of cash collateral, the Debtor will not have sufficient funds to meet its working capital needs. The Debtor has been place on cash on delivery basis by most of its vendors. Absent the immediate use of cash collateral, the Debtor will be unable to purchase any

-4-
39980

10-61033-rk    Doc 13    FILED 03/17/10    ENTERED 03/17/10 12:10:07    Page 4 of 15

raw materials and will be forced to cease operations until it has access to cash. Consequently, the Debtor requires immediate use of cash collateral to finance its business operations and meet ongoing cash and credit needs during the pendency of its chapter 11 case. During the period between the interim hearing on this Motion and the final hearing, the Debtor requires immediate authority to use cash collateral sufficient to meet its financing needs. Thus, the relief requested in this Motion is essential to the Debtor's short-term survival and the Debtor's ultimate ability to reorganize successfully.

## IV. Request for Interim Relief

16. Use of cash collateral represents the Debtor's sole source of operating funds and working capital. Without the right to use cash collateral, the Debtor would be forced to cease operations. The Debtor seeks, therefore, after a preliminary hearing, immediate use of cash collateral to avoid immediate and irreparable harm to the Debtor and its estates.

## V. Notice

17. No creditors' committee has been appointed in this chapter 11 case. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee; (b) the Debtor's 20 largest unsecured creditors as identified in its chapter 11 petition; (c) the Debtor's prepetition secured lenders; (d) the District Director of Internal Revenue; and (e) any party with an interest in the collateral. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

18. The Debtor further requests that the Court deem service of this Motion, pursuant to Bankruptcy Rule 4001(b)(1) and 4001(c)(1) and service of the Interim Order, good and sufficient notice of the final hearing.

## VI. No Prior Request

19. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order after a preliminary hearing: (a) authorizing the Debtor's immediate use of cash collateral in an amount sufficient to avoid immediate and irreparable harm to the Debtor and its estate; (b) after a final hearing, enter a final order authorizing the Debtor's use of cash collateral in the ordinary course of the Debtor's business; and (c) granting the Debtor such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
Courtyard Centre, Suite 307
116 Cleveland Avenue NW
Canton, Ohio 44702
Telephone: 330-588-9700
Facsimile: 330-588-9713
E-mail: ajdlaw@sbcglobal.net

PROPOSED COUNSEL FOR THE
DEBTOR AND DEBTOR IN POSSESSION

**EXHIBIT A**

39980

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON

------------------------------------------------------------x
In re:                                              : Case No. 10-6
                                                    :
THE HERALD PRINTING COMPANY                         : Chapter 11
                                                    :
  an Ohio corporation,                     : Judge Russ Kendig
                                                    :
      Debtor and       :
      Debtor-in-Possession. :
                                                    :
(Employer Tax I.D. No. 34-1050454)                  :
------------------------------------------------------------x

### INTERIM ORDER GRANTING MOTION OF THE DEBTOR IN POSSESSION AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE

This matter coming before the Court on the Motion of the Debtors for an Interim Order Authorizing the Debtor's Use of Cash Collateral Pursuant to section 363(c)(2) of the Title 11 of the United States Code (the "Bankruptcy Code") (the "Motion"). The motion was filed with this Court on March 17, 2010, Docket No. __.

After a hearing, and consideration of the Motion, the statements made by parties in interest at the Hearing, the Court hereby makes these following findings of fact and conclusions of law: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the order of reference entered in this District on July 16, 1984, pursuant to 28 U.S.C. § 157; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (J), and (M); (c) service of the Motion and notice of the Hearing was sufficient under the circumstances and any requirement for other or further notice shall be, and it hereby is, dispensed with and waived; (d) the Court, having been asked by the Debtor to consider the Motion made under Section 363(c)(2) of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), is authorized to enter final judgment and this Interim Order constitutes the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052; and (e) the Court having considered the legal and factual bases set forth in the Motion, determines that just cause has been shown for the relief granted herein, and accordingly;

1. The Motion shall be, and hereby is, GRANTED on an interim basis to the extent provided herein.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

3. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 16, 2010, (the "Petition Date") and is continuing in the management and possession of its business and property as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. Prior to the commencement of the Debtor's chapter 11 case, Citizens Bank made loans and advances to the Debtor, pursuant to the terms of several loan agreement and

promissory notes in favor of Citizens Bank, which were purchased by PAF Investments LLC ("PAF" or the "Lender"). To secure their pre-petition obligations to the Lender, the Debtor granted a security interests in the Debtor's raw materials, work in process, inventory, accounts receivable, and cash.

5. Pursuant to Section 363(c)(2) the Debtor may not use cash that is the Lender's cash collateral ("Cash Collateral") without the consent of all parties with an interest in the property or demonstrating adequate protection to such parties under Section 361. The Debtor have demonstrated adequate protection to the Lender for the Debtor's use of Cash Collateral by granting a replacement lien on the Debtor's post petition raw materials, work in process, inventory, accounts receivable, and cash. Therefore, the Debtor may use Cash Collateral as provided herein pursuant to Section 363(c)(2)(b).

6. The Debtor has stated that it desires to pursue a financial restructuring that the Debtor believes that the best method to effectuate such a financial restructuring is by means of a chapter 11 case for the Debtor.

7. Based upon the record presented to the Court by the Debtor, the relief requested in the Motion is necessary, essential, and appropriate for the continued operation of the Debtor business and the management and preservation of the Debtors' assets and properties and is in the best interests of the Debtor, its estate, and creditors.

**IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

A. The Debtor is hereby authorized to use Cash Collateral only through March __, 2010, (the "Interim Period"), pursuant to the terms and provisions of this Interim Order and pursuant to Section 363(c)(2)(B) of the Bankruptcy Code.

B.  As adequate protection and in accordance with section 363(e) of the Bankruptcy Code, the Lender is hereby granted a valid, binding, enforceable and perfected post-petition replacement liens and additional liens (the "Adequate Protection Liens") in all of the Debtor's post-petition raw materials, work in process, inventory, accounts receivable and cash. The Adequate Protection Liens shall secure an amount of the Prepetition Loans equal to the aggregate amount of Cash Collateral expended during the Interim Period.

C.  Nothing herein shall limit the rights of the Lenders to (i) seek further adequate protection in addition to the Adequate Protection Liens under sections 362 or 363 of the Bankruptcy Code on account of obligations outstanding, (ii) seek further relief from the automatic stay of section 362 of the Bankruptcy Code at any future time, (iii) request a conversion of any or all of the Debtor's chapter 11 case to a chapter 7 or the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code, or (iv) propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or plans in any or all of this chapter 11 case.

D.  The provisions of this Interim Order shall inure to the benefit of the Debtor, the Lender and shall be binding upon the Debtor, the Lender and their respective successors and assigns including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtor or with respect to property of the estates of the Debtor, whether under chapter 11 of the Bankruptcy Code or any subsequent chapter 7 case, and shall also be binding upon the United States Trustee, all creditors of the Debtor and other parties in interest.

E.  If any or all of the provisions of this Interim Order are hereafter modified, vacated or stayed, such modification, vacation or stay shall not affect the validity of any obligation,

indebtedness or liability incurred by the Debtor to the Lender prior to the effective date of such modification, vacation or stay.

  F. Further requests for additional use of Cash Collateral as may be made by the Debtor, if any, will be heard at ____:___ a.m. (Eastern Time) on March __, 2010, ("Further Hearing"), in United States Bankruptcy Court for the Northern District of Ohio (Canton Division), 201 Cleveland Avenue SW, Canton, Ohio 44702, Room 109C at which time any party-in-interest may appear and state its objections, if any, to the borrowings by the Debtor. The following parties shall immediately, and in no event later than three (3) days after the entry of this Interim Order, be mailed copies of this Interim Order: (a) the Office of the United States Trustee, (b) the Lender or their counsel if an appearance is made, (c) all other creditors known to the Debtor who may have liens against Debtor's assets, (d) any statutory committee of unsecured creditors (or if retained, its counsel) if and when one is appointed, (e) the twenty (20) largest unsecured creditors of the Debtor, (f) all parties in interest that have filed requests for notice in this chapter 11 case. Except as otherwise provided in this paragraph, the terms of this Interim Order shall be valid and binding upon the Debtor, all creditors of Debtor and all other parties-in-interest from and after the date of this Interim Order by this Court. In the event this Court modifies any of the provisions of this Interim Order following such further hearing, such modifications shall not affect the rights and priorities of the Lender pursuant to this Interim Order with respect to the administrative expense claims incurred prior to such modifications (or

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

58153  5

10-61033-rk  Doc 13  FILED 03/17/10  ENTERED 03/17/10 12:10:07  Page 12 of 15

otherwise arising prior to such modifications), and this Interim Order shall remain in full force and effect except as specifically amended or modified at such final hearing.

# # #

PREPARED BY:

Anthony J. DeGirolamo (0059265)
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, Ohio 44702
Telephone: (330) 588-9700
Facsimile: (330) 588-9713
Email: ajdlaw@sbcglobal.net

PROPOSED COUNSEL FOR THE
DEBTOR AND DEBTOR IN POSSESSION

**EXHIBIT B**

39980

**Herald Printing Co.**
**Forecast**
**2007 - 2011**
FOR DISCUSSION PURPOSES ONLY

| | 2010 March 17-March 31 | 2010 April | 2010 May | 2010 June | 2010 July | 2010 August | 2010 September | 2010 October | 2010 November | 2010 December | 2011 January | 2011 February | 2011 March | 12 Mos Fcst Total 2011 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Revenue** | 146,562 | 331,001 | 308,285 | 321,266 | 340,737 | 327,756 | 298,550 | 305,040 | 350,472 | 318,021 | 347,227 | 334,246 | 311,531 | 3,894,132 |
| **Cost of Goods Sold** | | | | | | | | | | | | | | |
| Paper | 39,201 | 82,750 | 77,071 | 80,317 | 85,184 | 81,939 | 74,638 | 76,260 | 87,618 | 79,505 | 86,807 | 83,562 | 77,883 | 973,533 |
| Labor | 21,831 | 56,270 | 52,408 | 54,615 | 57,925 | 55,719 | 50,754 | 51,857 | 59,580 | 54,064 | 59,029 | 56,822 | 52,960 | 662,003 |
| Direct Supplies | 5,811 | 16,490 | 15,214 | 16,008 | 16,416 | 16,055 | 14,048 | 15,282 | 17,599 | 15,951 | 16,511 | 16,405 | 15,811 | 194,707 |
| Sublet | 8,208 | 16,610 | 15,514 | 16,118 | 17,237 | 16,721 | 15,456 | 15,122 | 17,449 | 15,901 | 17,483 | 17,012 | 15,343 | 193,049 |
| Merchandise Purch. | 2,147 | 4,965 | 4,624 | 4,819 | 5,111 | 4,916 | 4,478 | 4,576 | 5,257 | 4,770 | 5,208 | 5,014 | 4,673 | 58,412 |
| Repairs & Maint. | 2,345 | 6,620 | 6,166 | 6,425 | 6,815 | 6,555 | 5,971 | 6,101 | 7,009 | 6,360 | 6,945 | 6,685 | 6,231 | 77,883 |
| In-Direct Supplies | 4,595 | 5,296 | 4,933 | 5,140 | 5,452 | 5,244 | 4,777 | 4,881 | 5,608 | 5,088 | 5,556 | 5,348 | 4,984 | 62,306 |
| NexPress Supplies | 8,807 | 16,550 | 15,414 | 16,063 | 17,037 | 16,388 | 14,928 | 15,252 | 17,524 | 15,901 | 17,361 | 16,712 | 15,577 | 194,707 |
| Change In Inventory - WIP | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other | 5,541 | 6,951 | 7,091 | 6,425 | 8,178 | 7,211 | 7,165 | 7,016 | 7,360 | 6,360 | 8,681 | 6,351 | 6,883 | 85,671 |
| TOTAL COGS | 98,486 | 212,503 | 198,436 | 205,932 | 219,354 | 210,747 | 192,213 | 196,346 | 225,003 | 203,901 | 223,581 | 213,910 | 200,344 | 2,502,269 |
| **Gross Margin** | 48,076 | 118,498 | 109,849 | 115,334 | 121,383 | 117,009 | 106,337 | 108,694 | 125,469 | 114,120 | 123,646 | 120,336 | 111,187 | 1,391,863 |
| | 32.8% | 35.8% | 35.6% | 35.9% | 35.6% | 35.7% | 35.6% | 35.6% | 35.8% | 35.9% | 35.6% | 36.0% | 35.7% | 35.7% |
| **Selling and Administrative Expenses** | | | | | | | | | | | | | | |
| Salaries | 25,009 | 42,056 | 39,170 | 40,819 | 43,293 | 41,644 | 37,933 | 38,757 | 44,530 | 40,407 | 44,118 | 42,468 | 39,582 | 494,777 |
| Benefits | 6,050 | 10,301 | 9,594 | 9,998 | 10,604 | 10,200 | 9,291 | 9,493 | 10,907 | 9,897 | 10,806 | 10,402 | 9,695 | 121,190 |
| Depreciation & Amortization | 5,676 | 10,923 | 10,173 | 10,602 | 11,244 | 10,816 | 9,852 | 10,066 | 11,566 | 10,495 | 11,458 | 11,030 | 10,281 | 128,506 |
| Rent & Utilities | 6,452 | 12,820 | 11,941 | 12,443 | 13,197 | 12,695 | 11,563 | 11,815 | 13,575 | 12,318 | 13,449 | 12,946 | 12,066 | 150,828 |
| Professional Fees | 1,136 | 14,280 | 13,300 | 13,860 | 14,700 | 14,140 | 12,880 | 13,160 | 15,120 | 13,720 | 14,980 | 14,420 | 13,440 | 168,000 |
| Office Supplies | 6,343 | 8,275 | 7,707 | 8,032 | 8,518 | 8,194 | 7,464 | 7,626 | 8,762 | 7,951 | 8,681 | 8,356 | 7,788 | 97,353 |
| Delivery | | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Auto Allowance | 1,977 | 2,856 | 2,660 | 2,772 | 2,940 | 2,828 | 2,576 | 2,632 | 3,024 | 2,744 | 2,996 | 2,884 | 2,688 | 33,600 |
| State & Local Taxes | 914 | 2,317 | 2,158 | 2,249 | 2,385 | 2,294 | 2,090 | 2,135 | 2,453 | 2,226 | 2,431 | 2,340 | 2,181 | 27,259 |
| Merchandise Returned | 1,173 | 993 | 925 | 964 | 1,022 | 983 | 896 | 915 | 1,051 | 954 | 1,042 | 1,003 | 935 | 11,682 |
| Discounts Allowed | 916 | 1,655 | 1,541 | 1,606 | 1,704 | 1,639 | 1,493 | 1,525 | 1,752 | 1,590 | 1,736 | 1,671 | 1,558 | 19,471 |
| Commissions | 513 | 1,324 | 1,233 | 1,285 | 1,363 | 1,311 | 1,194 | 1,220 | 1,402 | 1,272 | 1,389 | 1,337 | 1,246 | 15,577 |
| Dues & Subscriptions | 202 | 331 | 308 | 321 | 341 | 328 | 299 | 305 | 350 | 318 | 347 | 334 | 312 | 3,894 |
| Bad Debts | 146 | 331 | 308 | 321 | 341 | 328 | 299 | 305 | 350 | 318 | 347 | 334 | 312 | 3,894 |
| Insurance | 749 | 1,655 | 1,541 | 1,606 | 1,704 | 1,639 | 1,493 | 1,525 | 1,752 | 1,590 | 1,736 | 1,671 | 1,558 | 19,471 |
| Travel | 469 | 993 | 925 | 964 | 1,022 | 983 | 896 | 915 | 1,051 | 954 | 1,042 | 1,003 | 935 | 11,682 |
| Advertising | 1,109 | 331 | 308 | 321 | 341 | 328 | 299 | 305 | 350 | 318 | 347 | 334 | 312 | 3,894 |
| Other | 844 | 1,374 | 1,273 | 1,315 | 1,383 | 1,321 | 1,194 | 1,220 | 1,352 | 1,232 | 1,359 | 1,317 | 1,236 | 15,577 |
| TOTAL SGA | 59,678 | 112,816 | 105,067 | 109,479 | 116,102 | 111,670 | 101,710 | 103,921 | 119,349 | 108,304 | 118,263 | 113,851 | 106,123 | 1,326,655 |
| | 40.7% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% |
| **Operating Income** | (11,602) | 5,683 | 4,783 | 5,855 | 5,280 | 5,339 | 4,627 | 4,773 | 6,120 | 5,816 | 5,383 | 6,484 | 5,065 | 65,208 |
| | -7.9% | 1.7% | 1.6% | 1.8% | 1.5% | 1.6% | 1.5% | 1.6% | 1.7% | 1.8% | 1.6% | 1.9% | 1.6% | 1.7% |
| **Other Income (Expense)** | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Interest (Expense)** | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Pretax Profit(Loss) before restructuring** | (11,602) | 5,683 | 4,783 | 5,855 | 5,280 | 5,339 | 4,627 | 4,773 | 6,120 | 5,816 | 5,383 | 6,484 | 5,065 | 65,208 |
| | -7.9% | 1.7% | 1.6% | 1.8% | 1.5% | 1.6% | 1.5% | 1.6% | 1.7% | 1.8% | 1.6% | 1.9% | 1.6% | 1.7% |
| **Restructuring (Expense)** | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Pretax Profit(Loss)** | (11,602) | 5,683 | 4,783 | 5,855 | 5,280 | 5,339 | 4,627 | 4,773 | 6,120 | 5,816 | 5,383 | 6,484 | 5,065 | 65,208 |
| | -7.9% | 1.7% | 1.6% | 1.8% | 1.5% | 1.6% | 1.5% | 1.6% | 1.7% | 1.8% | 1.6% | 1.9% | 1.6% | 1.7% |
| **Income Tax** | - | 942 | 942 | 942 | 942 | 942 | 942 | 942 | 942 | 942 | 942 | 942 | 942 | 11,302 |
| **Net Income** | (11,602) | 4,741 | 3,841 | 4,914 | 4,338 | 4,397 | 3,685 | 3,831 | 5,178 | 4,874 | 4,441 | 5,543 | 4,123 | 53,906 |
| | -7.9% | 1.4% | 1.2% | 1.5% | 1.3% | 1.3% | 1.2% | 1.3% | 1.5% | 1.5% | 1.3% | 1.7% | 1.3% | 1.4% |