UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON

---------------------------------------------------------x
In re:                                              : Case No. 10-61033
                                                    :
THE HERALD PRINTING COMPANY                         : Chapter 11
                                                    :
  an Ohio corporation,                              : Judge Russ Kendig
                                                    :
        Debtor and                                  :
        Debtor-in-Possession.                       :
                                                    :
(Employer Tax I.D. No. 34-1050454)                  :
---------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF MOTION OF THE DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE;**

      Now comes the above-captioned debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, and hereby submits the following memorandum in support of its Motion for Entry of Interim and Final Orders Authorizing the Debtor's Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code (the "Motion") and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

      **FACTS**[1]

      1. The Lender's financings were secured by mortgages on the Debtor's personal property including equipment, raw materials, inventory, work-in-process, accounts receivable,

---

[1] The facts set forth herein are summarized from the Debtor's Motion which is expressly incorporated herein as if fully rewritten herein.

8508

and the proceeds thereof; however, PAF Investments LLC is the only lender with an interest in the Debtor's cash, accounts receivable, inventory, work-in-process, and raw material. Consequently, the Debtor has no source of cash that is not its lender's cash collateral.

2. The ability of the Debtor to continue in business and remain a viable entity and to have any prospect to propose a plan of reorganization under chapter 11 of the Bankruptcy Code depends upon obtaining such authority to immediately use cash collateral on the Petition Date.

**ARGUMENT**

3. The Debtor's use of the Lender's cash collateral should be permitted as requested in the Motion. In this instance, the Interim Budget demonstrates that the Debtor will generate more accounts receivable, work in process, and inventory than the cash collateral consumed in the Debtor's operations. No further adequate protection is required for the Lender's interest in the Debtor's property.

4. Courts in other cases have determined that a replacement lien on post-petition collateral may constitute adequate protection for consumption of a lender's prepetition collateral. See, In re LTV Steel Co., Inc., 274 B.R. 137, 286 (Bankr. N.D. Ohio 2001) ("use of the *pre-petition* receivables will inevitably lead to an increase in the value of *post-petition* receivables and inventory"); In the Matter of Continental Airlines, Inc., *et al.*, 134 B.R. 536, 544 (Bankr. D. Del. 1991) (increase in value of one part of lender's collateral offset reduction in value of other collateral); and In re Vanas, 50 B.R. 988 (Bankr. E.D. Mich. 1985) (increase in value of certain collateral offset decrease in value of other collateral). Based upon the facts of this case and the authority cited herein, the Court should authorize the Debtor's use of the Lender's cash collateral.

8508

5. As shown in the Debtor's Interim Budget, the Debtor's use of cash collateral will result in a post-petition increase in work in process, inventory, and accounts receivable—all of which to be subject to a post-petition lien proposed in favor of the Lender. Consequently, the Lender is adequately protected for the Debtor's use of its collateral by the granting of a replacement lien in the Debtor's post-petition property to the same extent granted to the Lender by its existing loan and security documents attached to the Motion.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, Ohio 44702
Telephone: (330) 588-9700
Facsimile: (330) 588-9713
E-mail: ajdlaw@sbcglobal.net

PROPOSED COUNSEL FOR THE
DEBTOR AND DEBTOR IN POSSESSION