The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON

---------------------------------------------------------------x
In re: : Case No. 10-61033
:
THE HERALD PRINTING COMPANY : Chapter 11
:
an Ohio corporation, : Judge Russ Kendig
:
   Debtor and :
   Debtor-in-Possession. :
:
(Employer Tax I.D. No. 34-1050454) :
---------------------------------------------------------------x

**AGREED INTERIM ORDER GRANTING MOTION OF THE DEBTOR
IN POSSESSION AUTHORIZING THE DEBTOR'S USE OF CASH
COLLATERAL PURSUANT TO SECTION 363 OF
THE BANKRUPTCY CODE**

This matter coming before the Court on the Motion of the Debtors for an Interim Order Authorizing the Debtor's Use of Cash Collateral Pursuant to section 363(c)(2) of the Title 11 of the United States Code (the "Bankruptcy Code") (the "Motion"). The motion was filed with this Court on March 17, 2010, Docket No. 13.

After a hearing, and consideration of the Motion, the statements made by parties in interest at the Hearing, the Court hereby makes these following findings of fact and conclusions of law: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the order of reference entered in this District on July 16, 1984, pursuant to 28 U.S.C. § 157; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (J), and (M); (c) service of the Motion and notice of the Hearing was sufficient under the circumstances and any requirement for other or further notice shall be, and it hereby is, dispensed with and waived; (d) the Court, having been asked by the Debtor to consider the Motion made under Section 363(c)(2) of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), is authorized to enter final judgment and this Interim Order constitutes the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052; and (e) the Court having considered the legal and factual bases set forth in the Motion, determines that just cause has been shown for the relief granted herein, and accordingly;

1. The Motion shall be, and hereby is, GRANTED on an interim basis to the extent provided herein.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

3. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 16, 2010, (the "Petition Date") and is continuing in the management and possession of its business and property as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. Prior to the commencement of the Debtor's chapter 11 case, Citizens Bank made loans and advances to the Debtor, pursuant to the terms of several loan agreement and

promissory notes in favor of Citizens Bank, which were purchased by PAF Investments LLC ("PAF" or the "Lender"). To secure their pre-petition obligations to the Lender, the Debtor granted a security interests in the Debtor's raw materials, work in process, inventory, accounts receivable, and cash.

5. Pursuant to Section 363(c)(2) the Debtor may not use cash that is the Lender's cash collateral ("Cash Collateral") without the consent of all parties with an interest in the property or demonstrating adequate protection to such parties under Section 361. The Debtor has agreed to the Debtor's use of cash during the interim period pursuant to the budget attached hereto. Therefore, the Debtor may use Cash Collateral as provided herein pursuant to Section 363(c)(2)(b).

6. The Debtor has stated that it desires to pursue a financial restructuring that the Debtor believes that the best method to effectuate such a financial restructuring is by means of a chapter 11 case for the Debtor.

7. Based upon the record presented to the Court by the Debtor, the relief requested in the Motion is necessary, essential, and appropriate for the continued operation of the Debtor business and the management and preservation of the Debtors' assets and properties and is in the best interests of the Debtor, its estate, and creditors.

**IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

A. The Debtor is hereby authorized to use Cash Collateral only through April 2, 2010, (the "Interim Period"), pursuant to the terms and provisions of this Interim Order and pursuant to Section 363(c)(2)(B) of the Bankruptcy Code.

B. As adequate protection and in accordance with section 363(e) of the Bankruptcy Code, the Lender is hereby granted a valid, binding, enforceable and perfected post-petition

replacement liens and additional liens (the "Adequate Protection Liens") in all of the Debtor's post-petition raw materials, work in process, inventory, accounts receivable and cash among other things. The Adequate Protection Liens shall secure an amount of the Prepetition Loans equal to the aggregate amount of Cash Collateral expended during the Interim Period.

C. Nothing herein shall limit the rights of the Lender to (i) seek further adequate protection in addition to the Adequate Protection Liens under sections 362 or 363 of the Bankruptcy Code on account of obligations outstanding, (ii) seek further relief from the automatic stay of section 362 of the Bankruptcy Code at any future time, (iii) request a conversion of any or all of the Debtor's chapter 11 case to a chapter 7 or the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code, (iv) propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or plans in any or all of this chapter 11 case; or (v) further object to the use of cash collateral.

D. The provisions of this Interim Order shall inure to the benefit of the Debtor, the Lender and shall be binding upon the Debtor, the Lender and their respective successors and assigns including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtor or with respect to property of the estates of the Debtor, whether under chapter 11 of the Bankruptcy Code or any subsequent chapter 7 case, and shall also be binding upon the United States Trustee, all creditors of the Debtor and other parties in interest.

E. If any or all of the provisions of this Interim Order are hereafter modified, vacated or stayed, such modification, vacation or stay shall not affect the validity of any obligation, indebtedness or liability incurred by the Debtor to the Lender prior to the effective date of such modification, vacation or stay.

F.  As a condition to Lender's consent to the Debtor's use of cash collateral during the Interim Period, the Debtor shall deliver to the Lender the following:

i. Bylaws, articles, and other corporate governance documents no later than March 25, 2010;

ii. A 13 week cash flow projection together with source documents starting on the Petition Date no later than March 25, 2010; and

iii. On a daily basis, the Debtor shall deliver to Lender: copies of checks received, deposits, sales, accounts receivable aging, accounts payable aging, bank statements, cash receipts and disbursements, and inventory report.

The Debtor shall permit the Lender reasonable access to the Debtor's facility for inspection of the Lender's collateral.

G.  Further requests for additional use of Cash Collateral as may be made by the Debtor, if any, will be heard at 2:00 p.m. (Eastern Time) on April 1, 2010, ("Further Hearing"), in United States Bankruptcy Court for the Northern District of Ohio (Canton Division), 201 Cleveland Avenue SW, Canton, Ohio 44702, Room 109C at which time any party-in-interest may appear and state its objections, if any, to the borrowings by the Debtor. The following parties shall immediately, and in no event later than three (3) days after the entry of this Interim Order, be mailed copies of this Interim Order: (a) the Office of the United States Trustee, (b) the Lender or their counsel if an appearance is made, (c) all other creditors known to the Debtor who may have liens against Debtor's assets, (d) any statutory committee of unsecured creditors (or if retained, its counsel) if and when one is appointed, (e) the twenty (20) largest unsecured creditors of the Debtor, (f) all parties in interest that have filed requests for notice in this chapter 11 case. Except as otherwise provided in this paragraph, the terms of this Interim Order shall be

valid and binding upon the Debtor, all creditors of Debtor and all other parties-in-interest from and after the date of this Interim Order by this Court. In the event this Court modifies any of the provisions of this Interim Order following such further hearing, such modifications shall not affect the rights and priorities of the Lender pursuant to this Interim Order with respect to the administrative expense claims incurred prior to such modifications (or otherwise arising prior to such modifications), and this Interim Order shall remain in full force and effect except as specifically amended or modified at such final hearing.

###

AGREED TO BY:

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, Ohio 44702
Telephone: (330) 588-9700
Facsimile: (330) 588-9713
Email: ajdlaw@sbcglobal.net

PROPOSED COUNSEL FOR THE
DEBTOR AND DEBTOR IN POSSESSION


/s/ Paul Linehan
Paul Linehan (_____)
McDonald Hopkins
600 Superior Ave., E., Suite 2100
Cleveland, Ohio 44114
Telephone (216) 348-1200
Facsimile (216) 348-
E-mail plinehan@mcdonaldhopkins.com

COUNSEL FOR PAF INVESTMENTS LLC

**Herald Printing Co.**
Forecast
2007 - 2011
FOR DISCUSSION PURPOSES ONLY

| Revenue | 2010 March 17- March 31 | 2010 April | 2010 May | 2010 June | 2010 July | 2010 August | 2010 September | 2010 October | 2010 November | 2010 December | 2011 January | 2011 February | 2011 March | 12 Mos Fcst Total 2011 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | 146,562 | 331,001 | 308,285 | 321,266 | 340,737 | 327,756 | 298,550 | 305,040 | 350,472 | 318,021 | 347,227 | 334,246 | 311,531 | 3,894,132 |
| **Cost of Goods Sold** | | | | | | | | | | | | | | |
| Paper | 39,201 | 82,750 | 77,071 | 80,317 | 85,184 | 81,939 | 74,638 | 76,260 | 87,618 | 79,505 | 86,807 | 83,562 | 77,883 | 973,533 |
| Labor | 21,831 | 56,270 | 52,408 | 54,615 | 57,925 | 55,719 | 50,754 | 51,857 | 59,580 | 54,064 | 59,029 | 56,822 | 52,960 | 662,003 |
| Direct Supplies | 5,811 | 16,490 | 15,214 | 16,008 | 16,416 | 16,055 | 14,048 | 15,282 | 17,599 | 15,951 | 16,511 | 16,405 | 15,811 | 194,707 |
| Sublet | 8,208 | 16,610 | 15,514 | 16,118 | 17,237 | 16,721 | 15,456 | 15,122 | 17,449 | 15,901 | 17,483 | 17,012 | 15,343 | 194,707 |
| Merchandise Purch. | 2,147 | 4,965 | 4,624 | 4,819 | 5,111 | 4,916 | 4,478 | 4,576 | 5,257 | 4,770 | 5,208 | 5,014 | 4,673 | 193,049 |
| Repairs & Maint. | 2,345 | 6,620 | 6,166 | 6,425 | 6,815 | 6,555 | 5,971 | 6,101 | 7,009 | 6,360 | 6,945 | 6,685 | 6,231 | 58,412 |
| In-Direct Supplies | 4,595 | 5,296 | 4,933 | 5,140 | 5,452 | 5,244 | 4,777 | 4,881 | 5,608 | 5,088 | 5,556 | 5,348 | 4,984 | 77,883 |
| NexPress Supplies | 8,807 | 16,550 | 15,414 | 16,063 | 17,037 | 16,388 | 14,928 | 15,252 | 17,524 | 15,901 | 17,361 | 16,712 | 15,577 | 62,306 |
| Change In Inventory - WIP |  |  |  |  |  |  |  |  |  |  |  |  |  | 194,707 |
| Other | 5,541 | 6,951 | 7,091 | 6,425 | 8,178 | 7,211 | 7,165 | 7,016 | 7,360 | 6,360 | 8,681 | 6,351 | 6,883 | 85,671 |
| TOTAL COGS | 98,486 | 212,503 | 198,436 | 205,932 | 219,354 | 210,747 | 192,213 | 196,346 | 225,003 | 203,901 | 223,581 | 213,910 | 200,344 | 2,502,269 |
|  | 32.8% | 35.8% | 35.6% | 35.9% | 35.7% | 35.7% | 35.6% | 35.6% | 35.8% | 35.9% | 35.6% | 36.0% | 35.7% |  |
| **Gross Margin** | 48,076 | 118,498 | 109,849 | 115,334 | 121,383 | 117,009 | 106,337 | 108,694 | 125,469 | 114,120 | 123,646 | 120,336 | 111,187 | 1,391,863 |
|  | 32.8% | 35.8% | 35.6% | 35.9% | 35.6% | 35.7% | 35.6% | 35.6% | 35.8% | 35.9% | 35.6% | 36.0% | 35.7% | 35.7% |
| **Selling and Administrative Expenses** | | | | | | | | | | | | | | |
| Salaries | 25,009 | 42,056 | 39,170 | 40,819 | 43,293 | 41,644 | 37,933 | 38,757 | 44,530 | 40,407 | 44,118 | 42,468 | 39,582 | 494,777 |
| Benefits | 6,050 | 10,301 | 9,594 | 9,998 | 10,604 | 10,200 | 9,291 | 9,493 | 10,907 | 9,897 | 10,806 | 10,402 | 9,695 | 121,190 |
| Depreciation & Amortization | 5,676 | 10,923 | 10,173 | 10,602 | 11,244 | 10,816 | 9,852 | 10,066 | 11,566 | 10,495 | 11,458 | 11,030 | 10,281 | 128,506 |
| Rent & Utilities | 6,452 | 12,820 | 11,941 | 12,443 | 13,197 | 12,695 | 11,563 | 11,815 | 13,575 | 12,318 | 13,449 | 12,946 | 12,066 | 150,828 |
| Professional Fees | 1,136 | 14,280 | 13,300 | 13,860 | 14,700 | 14,140 | 12,880 | 13,160 | 15,120 | 13,720 | 14,980 | 14,420 | 13,440 | 168,000 |
| Office Supplies | 6,343 | 8,275 | 7,707 | 8,032 | 8,518 | 8,194 | 7,464 | 7,626 | 8,762 | 7,951 | 8,681 | 8,356 | 7,788 | 97,353 |
| Delivery |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| Auto Allowance | 1,977 | 2,856 | 2,660 | 2,772 | 2,940 | 2,828 | 2,576 | 2,632 | 3,024 | 2,744 | 2,996 | 2,884 | 2,688 | 33,600 |
| State & Local Taxes | 914 | 2,317 | 2,158 | 2,249 | 2,385 | 2,294 | 2,090 | 2,135 | 2,453 | 2,226 | 2,431 | 2,340 | 2,181 | 27,259 |
| Merchandise Returned | 1,173 | 993 | 925 | 964 | 1,022 | 983 | 896 | 915 | 1,051 | 954 | 1,042 | 1,003 | 935 | 11,682 |
| Discounts Allowed | 916 | 1,655 | 1,541 | 1,606 | 1,704 | 1,639 | 1,493 | 1,525 | 1,752 | 1,590 | 1,736 | 1,671 | 1,558 | 19,471 |
| Commissions | 513 | 1,324 | 1,233 | 1,285 | 1,363 | 1,311 | 1,194 | 1,220 | 1,402 | 1,272 | 1,389 | 1,337 | 1,246 | 15,577 |
| Dues & Subscriptions | 202 | 331 | 308 | 321 | 341 | 328 | 299 | 305 | 350 | 318 | 347 | 334 | 312 | 3,894 |
| Bad Debts | 146 | 331 | 308 | 321 | 341 | 328 | 299 | 305 | 350 | 318 | 347 | 334 | 312 | 3,894 |
| Insurance | 749 | 1,655 | 1,541 | 1,606 | 1,704 | 1,639 | 1,493 | 1,525 | 1,752 | 1,590 | 1,736 | 1,671 | 1,558 | 19,471 |
| Travel | 469 | 993 | 925 | 964 | 1,022 | 983 | 896 | 915 | 1,051 | 954 | 1,042 | 1,003 | 935 | 11,682 |
| Advertising | 1,109 | 331 | 308 | 321 | 341 | 328 | 299 | 305 | 350 | 318 | 347 | 334 | 312 | 3,894 |
| Other | 844 | 1,374 | 1,273 | 1,315 | 1,383 | 1,321 | 1,194 | 1,220 | 1,352 | 1,232 | 1,359 | 1,317 | 1,236 | 15,577 |
| TOTAL SGA | 59,678 | 112,816 | 105,067 | 109,479 | 116,102 | 111,670 | 101,710 | 103,921 | 119,349 | 108,304 | 118,263 | 113,851 | 106,123 | 1,326,655 |
|  | 40.7% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% | 34.1% |
| **Operating Income** | (11,602) | 5,683 | 4,783 | 5,855 | 5,280 | 5,339 | 4,627 | 4,773 | 6,120 | 5,816 | 5,383 | 6,484 | 5,065 | 65,208 |
|  | -7.9% | 1.7% | 1.6% | 1.8% | 1.5% | 1.6% | 1.5% | 1.6% | 1.7% | 1.8% | 1.6% | 1.9% | 1.6% | 1.7% |
| Other Income (Expense) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| Interest (Expense) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| **Pretax Profit(Loss) before restructuring** | (11,602) | 5,683 | 4,783 | 5,855 | 5,280 | 5,339 | 4,627 | 4,773 | 6,120 | 5,816 | 5,383 | 6,484 | 5,065 | 65,208 |
|  | -7.9% | 1.7% | 1.6% | 1.8% | 1.5% | 1.6% | 1.5% | 1.6% | 1.7% | 1.8% | 1.6% | 1.9% | 1.6% | 1.7% |
| Restructuring (Expense) |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| **Pretax Profit(Loss)** | (11,602) | 5,683 | 4,783 | 5,855 | 5,280 | 5,339 | 4,627 | 4,773 | 6,120 | 5,816 | 5,383 | 6,484 | 5,065 | 65,208 |
|  | -7.9% | 1.7% | 1.6% | 1.8% | 1.5% | 1.6% | 1.5% | 1.6% | 1.7% | 1.8% | 1.6% | 1.9% | 1.6% | 1.7% |
| Income Tax |  | 942 | 942 | 942 | 942 | 942 | 942 | 942 | 942 | 942 | 942 | 942 | 942 | 11,302 |
| **Net Income** | (11,602) | 4,741 | 3,841 | 4,914 | 4,338 | 4,397 | 3,685 | 3,831 | 5,178 | 4,874 | 4,441 | 5,543 | 4,123 | 53,906 |
|  | -7.9% | 1.4% | 1.2% | 1.5% | 1.3% | 1.3% | 1.2% | 1.3% | 1.5% | 1.5% | 1.3% | 1.7% | 1.3% | 1.4% |