## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION, CANTON

---------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Case No. 10-61033 |
| | : | |
| THE HERALD PRINTING COMPANY | : | Chapter 11 |
| | : | |
| an Ohio limited liability company, | : | Judge Russ Kendig |
| | : | |
| Debtor and | : | |
| Debtor-in-Possession. | : | |
| | : | |
| (Employer Tax I.D. No. 34-1050454) | : | |

---------------------------------------------------------x

## DEBTOR'S AMENDED MOTION FOR ORDER AUTHORIZING (I) THE SALE OF SUBSTANTIALLY ALL OF ITS ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY <u>CONTRACTS AND UNEXPIRED LEASES</u>

The above-captioned debtor and debtor in possession (the "Debtor"), hereby submits this

Motion, pursuant to sections 363 (b) and (e) and 365 of the Bankruptcy Code, 11 U.S.C. §§ 101-

1330 (the "Bankruptcy Code"), and Rules 6004 and 6006 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), for an Order authorizing the Debtor to sell substantially all

of its assets free and clear of liens, claims, encumbrances, and interests, and to assume and assign

certain executory contracts and unexpired leases to the party that submits the highest and best

bid, pursuant to the Bidding Procedures (as defined below) and as approved by the Court (the "Purchaser").

In support of this Motion, the Debtor represents as follows:

## I.    BACKGROUND

1.    The Debtor started in business in 1881 and was acquired by the Bordner family in the early part of the twentieth century. Under the Bordner family ownership, the Debtor grew to a business with annual sales of over $12,000,000 and over 100 employees in its New Washington, Ohio facility.

2.    In July 2002, Robert Bordner sold the Debtor's facility to Stump Investments, Ltd which is owned by Mr. David Stump. Mr. Stump was a member of the Debtor's management and a minority stockholder. Mr. Stump also bought the Bordner family's stock making Mr. Stump the Debtor's sole shareholder. As a result of the purchase of the shares of the Debtor and its facility by Mr. Stump, the Debtor became indebted to Citizens Banking Company in excess of $4,000,000. The debts to Citizens Banking Company were restructured and new loan documents were executed. Citizens Banking Company sold its claim against the Debtor to PAF Investments LLC ("PAF"). As of March 3, 2010, PAF claimed to be owed the amount of $3,137,177.59.

3.    Since the 2002 acquisition, the Debtor's sales have dropped approximately $7,000,000 annually. The drop in the Debtor's sales is due in large part to the loss of one of its largest customers: MTD. MTD bought a printing company and began doing its printing in-house, thereby costing the Debtor over $1,000,000 in sales annually. Additionally, general economic conditions and market forces in the printing industry have driven the Debtor's sales down.

39988

4.      Beginning in 2005, the Debtor began negotiations for a restructuring plan with its lenders listed above and its trade creditors.  Those negotiations culminated in the execution of a Term Sheet among Citizens Bank, First Federal Bank of Ohio, Robert Bordner and the Debtor for a 3-year restructuring plan for the Debtor.  At the end of the restructuring term in 2009, the Debtor had not achieved the desired results and remained over leveraged.

5.      In addition to the debts incurred related to the 2002 acquisition, the Debtor owes $500,000 to trade vendors even after the debt forgiven by trade creditors through the 2006 restructuring plan.

6.      The Debtor has been unable to operate profitably and has continued to lose money through the year 2009.  Absent an immediate sale of its assets, the Debtor will be forced to shut its doors, cease operations, and liquidate its assets.  This outcome will result in a loss of any going concern value that may be realized from the proposed sale, a loss of the Debtor's employees' jobs, the Debtor's customers being forced to spend money to re-source their needs, and a loss of a customer for the Debtor's vendors.  In short, a shut down and liquidation will cause harm to all parties in interest in this case.  Therefore, it is in the best interest of the Debtor and all parties in interest in this case that the Debtor sell its assets as an ongoing concern before it must shut down.

## II.      TERMS OF ACQUISITION

### A.  Assets to be Sold

7.      The Debtor proposes that the Purchaser will purchase and acquire the Debtor's business and substantially all of the Debtor's assets shown as Exhibit A attached hereto (the "Assets").

39988

### B.  Executory Contracts and Unexpired Leases to be Assumed and Assigned

8.      The Debtor further proposes that it will assume and assign to the Purchaser certain executory contracts and unexpired leases associated with the Debtor's business.  Such list may be modified upon the execution of a purchase agreement between the Debtor and the Purchaser in which case the Debtor will provide notice to any party impacted by such modifications.  The list of executory contracts and unexpired leases to be assumed and assigned is attached hereto as Exhibit B.

### C.  Consideration for the Purchase of the Debtor's Assets and the Assignment of Executory Contracts and Unexpired Leases

9.      The Debtor proposes that the Purchaser will, in consideration for the purchase of the Debtor's assets and assignment of executory contracts and unexpired leases, pay the purchase price in cash on the Closing Date.

### D.  Bidding Procedures for the Sale

10.      Contemporaneously with the filing of this Motion, the Debtor has filed the Debtor's Motion for an Order approving Bidding Procedures Regarding Debtor's Proposed Sale of Substantially all of its Assets Free and Clear of Liens, Claims, Encumbrances, and Interests and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (the "Bidding Procedures Motion").  Through the Bidding Procedures Motion the Debtor seeks the Court's approval of the procedures to solicit bids for the Assets and to conduct an auction.  The Bidding Procedures Motion contemplates an auction to be held at the Debtor's counsel's office one day prior to the hearing on this Motion.  The winning bidder's offer will be presented to the Court for approval at the hearing.  Stump's Converting, Inc., an affiliate of the Debtor,[1] is anticipated to make the initial bid for the assets for a price of approximately $650,000.

---

[1]      Stump's Converting Inc. is owned by the wife of the Debtor's owner and has operated since 1998.

39988

### E.  Closing

11.      The closing will occur immediately after the entry of an order approving the sale of the Assets.  The Debtor requests that such order include the protection provided under section 363(m) of the Bankruptcy Code and that the stay imposed by Bankruptcy Rule 6004(g) be waived to facilitate an immediate closing.  If a closing does not occur within ten days after the entry of such order, then the Debtor may proceed to close a sale with the party submitting the second highest bid for the Assets.

### III.      SALE WITH OR WITHOUT THE CONSENT OF THE DEBTORS' LENDERS

12.      The Debtor is indebted to PAF Investments (the "Lender") in the approximate principal amount of $3,100,000 plus interest.  The Lender holds security interests in substantially all of the Debtor's assets, including without limitation, the Assets to be transferred.  Pursuant to section 363(f)(2) of the Bankruptcy Code, the Debtor can transfer the Assets free and clear of the Lender's liens if the Lender consents.  The Lender consents to the sale of the Assets free and clear of the Lender's liens, on the conditions set forth in the order extending use of cash collateral entered in this case (Docket No. 54) including but not limited to the following: if the purchaser for the Debtor's assets is David Stump, Suzanne Stump, or Stump Investments, Ltd. (collectively, the "Guarantors") or any affiliate of the Guarantors, then the guaranties of PAF's claim by the Guarantors shall be limited to the difference between the purchase price for the assets and $800,000 (and if the assets are sold at or above a purchase price of $800,000, the guaranties shall be deemed released).  If the Guarantors are fully released from the guaranty obligations, then any claims of the Guarantors against PAF shall be fully released;

13.      Upon closing of the sale of assets, assumption of certain executory contracts, and unexpired leases, the Debtor shall waive all claims and defenses against PAF; provided that said

39988

release shall not extend to any other party in interest including, but not limited to any committee appointed in the Debtor's case or any subsequently appointed trustee; and.

14.     The Debtor's former owner, Robert Bordner, held a security interest in certain of the Debtor's assets from the transaction in 2002 described in the Background above.  The perfection of Mr. Bordner's security interest lapsed in 2007 and no continuation statements were filed.  As a result, on the Petition Date, Mr. Bordner was a nonpriority unsecured creditor by virtue of the operation of the Bankruptcy Code.  The Debtor proposes to sell the Assets free and clear of any interest Mr. Bordner may claim to the Assets and does not believe that his consent is necessary for the sale to proceed to closing.

15.     Alternatively, the Debtor may sell the Assets without the consent of the Lender so long another subsection of section 363(f) of the Bankruptcy Code is met.  In this instance, the proposed sale may be approved under section 363(f)(1) and (5) so long the Lender receives the value of its interest in the Debtor's property.  That value may be measured by the purchase price.  The Bidding Procedures are calculated to draw the highest price for the Assets and thereby fix the value of the Lender's interest in the Assets.  Therefore, through the sale process proposed by the Debtor, the Lender is receiving the value of its interest in the Debtor's property.

## IV.     NECESSITY OF A SECTION 363 SALE OF THE DEBTOR'S ASSETS AND ASSIGNMENT OF THE DEBTOR'S EXECUTORY CONTRACTS AND UNEXPIRED LEASES

16.     The Debtor believes that there are a number of reasons why a sale of substantially all of its assets pursuant to sections 363(b) and (f) of the Bankruptcy Code and an assumption and assignment of certain executory contracts and unexpired leases under section 365 of the Bankruptcy Code is necessary, appropriate and justified under applicable law.  First, the value of the Debtor's assets is not likely to increase if the Debtor continues to operate in chapter 11,

39988

leading the Debtor to conclude that the value of the Debtor's estate will be maximized through a sale of its business as a going concern rather than through a piecemeal liquidation or a delayed sale pursuant to a plan of reorganization. In addition, the Debtor may continue to lose money while it operates, making it increasingly difficult for the Debtor to continue to operate its business. See, Stephens Industries, Inc. v. McClung, 789 F.2d 386, 391 (6th Cir. 1986) (holding that "a bankruptcy court can authorize a sale of all Chapter 11 debtor's assets under 363(b)(1) when a sound business purpose dictate such action.").

17.     Faced with the possibility of a shut down and liquidation of its assets unless a sale is consummated, the Debtor believes that the sale of its assets and assignment of executory contracts and unexpired leases to the Purchaser, as described in this Motion, is the only means for creating value for its estate. Consequently, the Debtor believes that the relief requested in this Motion is in the best interests of the Debtor, its creditors and its estate.

## V.     NOTICE

18.     A copy of this Motion, as well as Notice of the hearing on this Motion, will be served on all parities specified in Rules 2002(a) and (d) and 6004 of the Bankruptcy Rules, including all parities that have liens or other interests in the Debtor's assets to be sold, all non-debtor parties to executory contacts and unexpired leases to be assumed and assigned, the Office of the United States trustee and all parties who have filed a notice of appearance in this case.

WHEREFORE, the Debtor respectfully requests that the Court enter an order attached hereto as Exhibit C: (a) authorizing the Debtor to sell substantially all of its assets free and clear of liens, encumbrances and interests and assume and assign certain executory contracts and unexpired leases to the party that submits a qualifying competing offer in accordance with the Bidding Procedures to be established by the Court; (b) that the proceeds of the sale (less any

39988

excess proceeds) be paid at closing to PAF Investments, LLC and (c) granting the Debtor such

other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
Courtyard Centre, Suite 307
116 Cleveland Avenue NW
Canton, Ohio 44702
Telephone: 330-588-9700
Facsimile: 330-588-9713
E-mail: ajdlaw@sbcglobal.net

COUNSEL FOR THE
DEBTOR AND DEBTOR IN POSSESSION

39988

**EXHIBIT A**

39988

|  | Total |  |  |
|---|---|---|---|
| PC and Macs | 68/14 |  |  |
| Servers | 12 |  |  |
| Monitors | 85 |  |  |
| Printers | 24 |  |  |
| Phones | 53 |  |  |
| Desk | 45 |  |  |
| Chairs | 91 |  |  |
| Cubicals | 36 |  |  |
| Binder/Cabinets | 146 |  |  |
| Switches | 5 |  |  |
| Fax Machines | 5 |  |  |
| Conference Table | 2 |  |  |
| Conference Chairs | 14 |  |  |
| Couch/Chair | 2 |  |  |
| Lobby Cabinets | 7 |  |  |
| TV/VCR | 2 |  |  |
| Radio | 1 |  |  |
| Wooden Shelves | 15 |  |  |
| Paper Shredder | 1 |  |  |
| Wooden Tables in Prepess | 10 |  |  |
| Drum Scanner | 1 |  |  |
| Light Board | 1 |  |  |
| Plate Punch | 1 |  |  |
| Phone Cabinet | 1 |  |  |
| Amplifers | 4 |  |  |
| Server Rack | 4 |  |  |
| Floor Air Conditioners | 3 |  |  |
| Kitchenettes | 2 |  |  |

Presses:

| | | | | | |
|---|---|---|---|---|---|
| Miehle-Man Roland | 40'' | 4clr. | 634 | 15663B6631 | |
| Miehle-Man Roland | 40" | 6clr. | 638 | 16741B6758 | |
| Miehle-Man Roland | 40" | 2clr. | 619 | 11784B6139 | |
| Roland | | | 40" | 6clr plus coa 25119B | |
| Miller | Perfector | 40" | 6clr | TP104 | A20445 |
| Web | | | MGD | Miehle-Goss-Dexter | |

Folders:

| | | | | |
|---|---|---|---|---|
| MBO 1 | B-26-S-C | Main Machine | S03/124 | |
| MBO 1 | B-26-S-2-26-4 | 8pg unit | S03/124 | |
| MBO 1 | B-26-S-3-22-4 | 16pg unit | S03/124 | |
| MBO 1 | ASP 66-2ME | crusher de | 80615 | |
| MBO 3 | B26-S-C | Main Machine | S03/131 | |
| MBO 3 | B26-S-2-26-4 | 8pg unit | S03/131 | |
| MBO 3 | B26-S-3-22-4 | 16pg unit | S03/131 | |
| MBO 3 | ASP-66-2ME | crusher de | 80617 | |
| MBO 2 | B26-C | Main Machine | E08/02 | |
| MBO 2 | B26-2-26-4 | 8pg unit | E08/02 | |
| MBO 2 | B26-3-15-4 | 16pg unit | M06/46 | |
| MBO 2 | A76-DC | Delivery | E09/33 | |
| MBO 4 | T-49-44 | Main Machine | B-07-22 | |
| MBO 4 | T-49-44 | 8pg unit | B-07-22 | |
| MBO 4 | A-56 | Delivery | 62365 | |
| MBO 5 | T49-C | Main Machine | F1/27 | |
| MBO 5 | T49-2-49/4 | 8pg unit | F1/27 | |
| MBO 5 | A49-DC | Delivery | J-08/15 | |
| MBO 5 | T-49-2-49/4 | GLUE UNIT | K.01/11 | |
| MBO | Z2 | Z-Knife | 8027 | |
| Central | CP322U | Tape System | 961366 | |

Shrink wrapper:

| | | | |
|---|---|---|---|
| Voneiff Gibson | 8 Ft Lug | 112702 | |
| Voneiff | | 3000-1 Ba | 112701 |
| Voneiff | | T1000 Oven | 112703 |

Pocket folder

| | | |
|---|---|---|
| Moll | Pocket folder | 878 |
| Moll | Bump & Turn | 465 |
| Moll | Final Fold | 496 |
| Moll | Dial a Stack | 510 |
| Moll | Perf & Crease | 483 |
| Moll | Glu- Bind | 431 |

Saddlebinders

| | | | |
|---|---|---|---|
| Harris | 562-8 | 8 gather | 717G |
| McCain | | 6 gather | MTA16120488 |

Cutters

| | | | |
|---|---|---|---|
| Wohlenburg | | Type 115 | 3256-006 |
| Wohlenburg | | Type 115 | 3727-006 |
| Heinrich Bauman | Pile Lift | | 51533 |
| Heinrich | | Jogger Table | 211.554 |
| Heinrich | | Stacker BA3N | 1246 |

| | | |
|---|---|---|
| Quincy | 5120 Air Compressor | 6051666 |
| Quincy | 5120 Air Compressor | 6153509 |
| Dayton | Air Dryer | 0321A-31-8909-172N |
| Hankison | Air Dryer | |

Polybagger   Weldotron  3 Station Feeder

Multibinder   Macey
Skid Wrapper  Muller
WinkJet   & Tabber
2 Mosca Strapers

Press Supplies:

| | |
|---|---|
| ALK R Less | 2 gal |
| Powder | 9Box  99lb. |
| Fountain Solution | 20 gal |
| Press Wash | 35 gal |
| Gloss Varnish | 50 lb |
| Dull Varnish | 36 lb |
| NoWax Gloss Varnich | 28 lb |
| Blankets | 31 |
| Dry Roller Compound | 20 lb |
| D-Glaze | 3 Bottles |
| EEZy Clean | 3 Bottles |
| Ink Readi | 11 Cans |
| On the Fly | 12 Bottles |
| Aqurous Coating Cleaner | 26 Bottles |
| Salt Crystal Remover | 12 Bottles |
| Chrome Roller Cleaner | 3 Bottles |
| Aqua image Plate Cleaner | 7 Bottles |
| Velocity Plate Cleaner | 9 Bottles |
| Metering Roller Cleaner | 2 gal |
| Royal Flush | 4 gal |
| Fountain Dryer | 4 gal |

| | |
|---|---|
| Warehouse Racks | 71 Sections |
| Racks in Machine Bindery | 6 Sections |

Shelf Racking Pressroon        4 Sections

Ink - Process Colors:
Black                          210 lbs
Cyan                           270 lbs
Magenta                        450 lbs
Yellow                         300 lbs

Ink - Pantone Colors:
Trans White                    55 lbs
Black                          40 lbs
Process Blue                   60 lbs
Reflex Blue                    60 lbs
Yellow                         60 lbs
Warm Red                       30 lbs
Rubine Red                     60 lbs
Rhod Red                       30 lbs
Purple                         20 lbs
Green                          30 lbs

Metalics:
                      871  8 lbs
                      872  38 lbs
                      873  14 lbs
                      874  14 lbs
                      875  7 lbs
                      876  32 lbs
                      877  25 lbs
O32                        35 lbs
O21                        10 lbs
O72                        20 lbs

**MULTIPLE KIND VALUATION - ENDING BALANCE**

| Quantity On Order | Quantity On Hand | Quantity Unpriced | Quantity Available | Quantity Reserved | Item Number | Item Description | Average Price | Item Valuation | Quantity YTD Usage |
|---|---|---|---|---|---|---|---|---|---|
| 0 | 750 | 0 | 750 | 0 | 801339600100 | Adorra Felt Text 80# 23.5 x 35 136M Pearl | .20000 | 150.00 | 0 |
| 25 | 275 | 80 | 275 | 0 | 801090300802 | Astrobrights Vellum Cover 65# 23 x 35 201M Cosmic Orange | 0.2850 | 78.38 | 205 |
| 80 | 275 | 0 | 275 | 0 | 801090300803 | Astrobrights Vellum Cover 65# 23 x 35 Fireball Fuchsia | 0.00 | 0.00 | 0 |
| 0 | 25 | 25 | 25 | 0 | 801090300810 | Astrobrights Vellum Cover 65# 23 x 35 201M Pulsar Pink | 0.2850 | 7.12 | 63 |
| 0 | 275 | 0 | 275 | 0 | 801090300811 | Astrobrights Vellum Cover 65# 23 x 35 201M Solar Yellow | 0.2655 | 73.01 | 188 |
| 0 | 275 | 0 | 275 | 0 | 801090300813 | Astrobrights Vellum Cover 65# 23 x 35 201M Terra Green | 0.2850 | 78.38 | 0 |
| 0 | 1,090 | 790 | -1,556 | 2,646 | 801090302200 | Astrobrights Vellum Cover 65# 35 x 23 201M Rocket Red | 0.2850 | 310.65 | 535 |
| 0 | 100 | 0 | 100 | 0 | 801331200650 | Astroparche Vellum Text 60# 23 x 35 102M Natural | 0.1938 | 19.38 | 0 |
| 0 | 650 | 0 | 650 | 0 | 801331200750 | Astroparche Vellum Text 60# 25 x 38 120M Natural | 0.194 | 126.10 | 0 |
| 0 | 200 | 0 | 200 | 0 | 801090801250 | Beckett Ridge Uncoated Cover 80# 26 x 40 320M Greenbrier | .79872 | 159.74 | 0 |
| 0 | 300 | 0 | 300 | 0 | 801332400050 | Cambric Linen Text 70# 23 x 35 119M Arctic | .20000 | 60.00 | 0 |
| 0 | 300 | 1,500 | 300 | 0 | 801060905300 | Carolina C2S Cover 14pt. 26 x 40 453M White | 0.3715 | 111.45 | 0 |
| 0 | 10 | 0 | 10 | 0 | 801421000400 | Chipboard .026  26 x 38 White 80# | 5.1098 | 51.10 | 0 |
| 0 | 50 | 0 | 50 | 0 | 801061251100 | Chorus Art Gloss Cover 100# 20 x 26 200M White | 0.1500 | 7.50 | 5,200 |
| 0 | 125 | 0 | 125 | 0 | 801061255600 | Chorus Art Silk Cover 80# 23 x 35 248M White | 0.1959 | 24.49 | 9 |
| 0 | 100 | 19,750 | 100 | 0 | 801061256150 | Chorus Art Silk Cover 100# 23 x 35 310M White | 0.2170 | 21.70 | 150 |
| 0 | 500 | 0 | 500 | 0 | 801061256750 | Chorus Art Silk Cover 130# 26 x 40 520M White | 0.4108 | 205.40 | 3,000 |
| 0 | 300 | 0 | 300 | 0 | 801333101750 | Classic Crest Smooth Text 80# 23 x 35 136M Pebblestone | .20000 | 60.00 | 0 |
| 0 | 200 | 800 | 200 | 0 | 801120900950 | Classic Crest Smooth Writing 24# 35 x 23 103M Whitestone | 0.224 | 44.80 | 0 |
| 0 | 35 | 5 | 35 | 0 | 801092200900 | Classic Laid Cover 65# 35 x 23 201M Chatham Tan | 0.49850 | 17.45 | 0 |
| 0 | 890 | 725 | 890 | 0 | 801092300300 | Classic Linen Cover 80# 26 x 40 320M Solar White | 0.7225 | 643.02 | 85 |
| 0 | 75 | 0 | 75 | 0 | 801092306550 | Classic Linen Cover 120# 26 x 40 480M AvWh/EpBk DU | 1.36031 | 102.02 | 0 |
| 0 | 80 | 570 | 80 | 0 | 801121400200 | Classic Linen Writing 24# 23 x 35 103M Avon Brillian | 0.2719 | 21.75 | 0 |
| 0 | 2,300 | 0 | 2,234 | 66 | 801519000475 | Clear Cling Vinyl 8 Mil 18 x 24 330M Clear | 0.8590 | 1,975.70 | 264 |
| 0 | 500 | 0 | 500 | 0 | 801011001200 | Coronado Supersmooth Offset 80# 23 x 35 136M Inf. White | 0.16985 | 84.92 | 0 |
| 0 | 100 | 0 | 100 | 0 | 801092700400 | Cougar Opaque Smooth Cover 80# 23 x 35 248M White | 0.2406 | 24.06 | 3,679 |
| 0 | 2,000 | 0 | 2,000 | 0 | 801092700550 | Cougar Opaque Smooth Cover 80# 26 x 40 320M White | 0.3104 | 620.80 | 0 |
| 0 | 850 | 0 | 850 | 0 | 801092700575 | Cougar Opaque Smooth Cover 100# 23 x 35 310M White | 0.3000 | 255.00 | 0 |
| 0 | 3,750 | 0 | 3,750 | 0 | 801011100900 | Cougar Opaque Smooth Offset 70# 25 x 38 140M Natural | 0.1344 | 504.00 | 7,650 |

| Quantity On Order | Quantity On Hand | Quantity Unpriced | Quantity Available | Quantity Reserved | Item Number | Item Description | Average Price | Item Valuation | Quantity YTD Usage |
|---|---|---|---|---|---|---|---|---|---|
| 0 | 350 | 6,550 | -1,246 | 1,596 | 801011102750 | Cougar Opaque Smooth Offset 60# 23 x 35 102M White | 0.0903 | 31.60 | 0 |
| 0 | 675 | 0 | 675 | 0 | 801011103100 | Cougar Opaque Smooth Offset 70# 23 x 35 119M White | 0.10948 | 73.90 | 0 |
| 0 | 700 | 0 | 700 | 0 | 801333400150 | Crused Leaf Smooth Text 70# 23 x 35 119M Gray | 0.185 | 129.50 | 0 |
| 0 | 250 | 0 | 250 | 0 | 801092750550 | Crushed Leaf Smooth Cover 80# 26 x 40 320M Silver | .40000 | 100.00 | 0 |
| 0 | 200 | 0 | 200 | 0 | 801092991000 | Curious Metallics Cover 92# 26 x 40 370M Lustre | 1.9150 | 383.00 | 41 |
| 0 | 900 | 0 | 900 | 0 | 801013502000 | Domtar Titanium Smooth Offset 70# 25 x 38 140M Natural | .20000 | 180.00 | 0 |
| 0 | 2,000 | 0 | 2,000 | 0 | 801513300350 | EC Tags 15 pt #8 Yellow | 0.0429 | 85.80 | 0 |
| 0 | 150 | 0 | 150 | 0 | 801093352250 | Element Squares Cover 80# 25.5 x 38 298M Soft Blue | 0.682 | 102.30 | 0 |
| 0 | 115 | 0 | 115 | 0 | 801093400100 | Enhance Silk Uncoated Cover 80# 26 x 40 320M Arctic | 0.7695 | 88.49 | 1,056 |
| 0 | 250 | 0 | 250 | 0 | 801097700100 | ESSE Texture Cover 80# 26 x 40 320M Black | .40000 | 100.00 | 0 |
| 0 | 500 | 9,000 | 500 | 0 | 801011302500 | Exact Opaque Vellum Offset 50# 23 x 35 85M Blue | 0.2000 | 100.00 | 926 |
| 0 | 400 | 0 | 400 | 0 | 801011302550 | Exact Opaque Vellum Offset 50# 23 x 35 85M Cream | 0.5271 | 210.84 | 0 |
| 0 | 3,200 | 350 | 3,200 | 0 | 801011302650 | Exact Opaque Vellum Offset 50# 23 x 35 85M Gray | 0.0649 | 207.68 | 333 |
| 0 | 500 | 0 | 500 | 0 | 801011302700 | Exact Opaque Vellum Offset 50# 23 x 35 85M Green | 0.0770 | 38.50 | 250 |
| 0 | 2,200 | 0 | 2,200 | 0 | 801011302850 | Exact Opaque Vellum Offset 50# 23 x 35 85M Yellow | 0.0630 | 138.60 | 0 |
| 0 | 12,000 | 12,000 | 12,000 | 0 | 801011302875 | Exact Opaque Vellum Offset 50# 25 x 38 100M Yellow | 0.0740 | 888.00 | 10,000 |
| 0 | 20 | 230 | 20 | 0 | 801011304050 | Exact Opaque Vellum Offset 60# 23 x 35 102M Orchid | 0.0890 | 1.78 | 0 |
| 0 | 1,500 | 0 | 1,500 | 0 | 801011304600 | Exact Opaque Vellum Offset 60# 25 x 38 120M Cream | 0.0888 | 133.20 | 16,500 |
| 0 | 500 | 0 | 500 | 0 | 801011305935 | Exact Opaque Vellum Offset 70# 25 x 38 140M Natural | 0.1107 | 55.35 | 0 |
| 0 | 360 | 0 | 360 | 0 | 801212000250 | Exact Smooth Index 90# 22.5 x 35 182M White | 0.1387 | 49.93 | 3,658 |
| 0 | 7,000 | 1,000 | 772 | 6,228 | 801212000650 | Exact Smooth Index 110# 22.5 x 35 181M White | 0.1358 | 950.60 | 0 |
| 0 | 2,500 | 500 | 1,159 | 1,341 | 801212000750 | Exact Smooth Index 110# 22.5 x 35 223M White | 0.1765 | 441.25 | 7,295 |
| 0 | 577 | 0 | 577 | 0 | 801212003650 | Exact Smooth Index 110# 22.5 x 35 223M Blue | 0.1820 | 105.01 | 173 |
| 0 | 750 | 0 | 750 | 0 | 801212004460 | Exact Smooth Index 140# 22.5 x 35 284M Gray | 0.2357 | 176.78 | 1,250 |
| 0 | 10 | 0 | 10 | 0 | 801241001200 | Exact Smooth Tag 125# 24 x 36 250M Manila | 0.215 | 2.15 | 0 |
| 0 | 650 | 0 | 650 | 0 | 801241001350 | Exact Smooth Tag 150# 24 x 36 300M Manila | 0.2340 | 152.10 | 0 |
| 0 | 50 | 125 | 50 | 0 | 801181002400 | Exact Vellum Bristol 67# 23 x 35 168M Ivory | 0.1430 | 7.15 | 0 |
| 0 | 7,750 | 0 | 7,750 | 0 | 801094001250 | Exact Vellum Uncoated Cover 65# 23 x 35 201M Cream | 0.1548 | 1,199.70 | 0 |
| 0 | 150 | 0 | 150 | 0 | 801094001300 | Exact Vellum Uncoated Cover 65# 23 x 35 201M Blue | 0.1730 | 25.95 | 104 |
| 0 | 125 | 0 | 125 | 0 | 801094200750 | Feltweave Felt Uncoated Cover 100# 26 x 40 400M Natural | 0.6000 | 75.00 | 0 |
| 0 | 400 | 0 | 400 | 0 | 801011400400 | Finch Fine VHF Offset 70# 25 x 38 140M Bright White | .20000 | 80.00 | 0 |
| 0 | 900 | 1,850 | 900 | 0 | 801011502850 | Finch Opaque Smooth Offset 70# 23 x 35 119M Bright White | 0.0900 | 81.00 | 2,280 |
| 0 | 600 | 0 | 600 | 0 | 801038404250 | Flo Matte Coated Offset 7 pt. 28 x 40 260M White | 0.1596 | 95.76 | 6,750 |

**MULTIPLE KIND VALUATION - ENDING BALANCE**

caurand     Tuesday, March 23, 2010     TIME:    17:10

| Quantity On Order | Quantity On Hand | Quantity Unpriced | Quantity Available | Quantity Reserved | Item Number | Item Description | Average Price | Item Valuation | Quantity YTD Usage |
|---|---|---|---|---|---|---|---|---|---|
| 0 | 2,250 | 0 | 2,250 | 0 | 801032001600 | Fortune Matte Coated Offset 80# 23 x 35 136M White | 0.0884 | 198.90 | 0 |
| 0 | 7,500 | 0 | 7,500 | 0 | 801334400350 | Gainsborough Felt Text 80# 23 x 35 136M Silver | 0.3421 | 2,565.75 | 0 |
| 500 | 500 | 0 | 500 | 0 | 801096100925 | Genesis Vellum Cover 80# 23 x 35 248M Birch | 0.4710 | 235.50 | 0 |
| 0 | 1,150 | 16,762 | 1,150 | 0 | 801125200800 | Hammermill Regular Bond 24# 35 x 23 102M White | 0.1176 | 135.24 | 1,000 |
| 0 | 400 | 0 | 400 | 0 | 801095101250 | Howard Linen Cover 80# 26 x 40 320M White | .40000 | 160.00 | 0 |
| 0 | 425 | 0 | 425 | 0 | 801095101350 | Howard Linen Cover 80# 23 x 35 248M Bright White | 0.5450 | 231.63 | 0 |
| 0 | 1,000 | 0 | 1,000 | 0 | 801125300600 | Howard Linen Writing 24# 22.5 x 35 StarSapphireGray | 0.1757 | 175.70 | 0 |
| 62,000 | 17,850 | 0 | -44,370 | 62,220 | 801014800100 | Husky Smooth Offset 50# 23 x 35 85M White | 0.0510 | 910.35 | 266,060 |
| 2,500 | 20,000 | 0 | 20,000 | 0 | 801014800150 | Husky Smooth Offset 50# 25 x 38 100M White | 0.0600 | 1,200.00 | 27,250 |
| 0 | 13,000 | 0 | 13,000 | 0 | 801014800200 | Husky Smooth Offset 50# 28 x 40 118M White | 0.0689 | 895.70 | 3,600 |
| 12,500 | 1,900 | 0 | -11,774 | 13,674 | 801014800650 | Husky Smooth Offset 60# 23 x 35 102M White | 0.0612 | 116.28 | 82,324 |
| 0 | 250 | 0 | 250 | 0 | 801014800700 | Husky Smooth Offset 60# 25 x 38 120M White | 0.0720 | 18.00 | 50,652 |
| 19,500 | 31,600 | 6,000 | -92,062 | 123,662 | 801014801100 | Husky Smooth Offset 70# 23 x 35 119M White | 0.0703 | 2,221.48 | 223,573 |
| 1,000 | 7,500 | 20,000 | 5,630 | 1,870 | 801014801150 | Husky Smooth Offset 70# 25 x 38 140M White | 0.0898 | 673.50 | 18,360 |
| 2,750 | 900 | 175 | -2,240 | 3,140 | 801063901700 | Kromekote Coated Cover 10 pt CC1S 20 x 26 162M White | 0.2863 | 257.67 | 0 |
| 0 | 100 | 0 | 100 | 0 | 801063906100 | Kromekote Coated Cover 14 pt CC2S 20 x 26 217M White | 0.45660 | 45.66 | 0 |
| 0 | 200 | 5,750 | 200 | 0 | 801012901800 | Lynx Opaque Smooth Offset 80# 23 x 35 136M White | 0.09384 | 18.77 | 1,300 |
| 0 | 200 | 200 | 200 | 0 | 801274000160 | Mactac Starliner Opaque Perm. 60# 17 x 22 Matinee White | 0.0000 | 0.00 | 1,860 |
| 0 | 135 | 465 | 135 | 0 | 801274000500 | Mactac Starliner Perm. 60# 17 x 22 Novelty White | 0.3850 | 51.98 | 0 |
| 2,000 | 9,750 | 0 | 6,291 | 3,459 | 801274000170 | Mactac Starliner Removable 60# 26 x 20 Matinee White | 0.7145 | 6,966.38 | 1,750 |
| 0 | 35 | 0 | 35 | 0 | 801512002250 | Magnecote 13 pt. 23 x 35 | 2.0891 | 73.12 | 0 |
| 0 | 1,000 | 0 | 1,000 | 0 | 801099000500 | Medallion Felt Cover 80# 23 x 35 248M White | .40000 | 400.00 | 0 |
| 0 | 600 | 0 | 600 | 0 | 801335000500 | Mohawk Vellum Text 100# 25 x 38 200M Cool White | .20000 | 120.00 | 0 |
| 0 | 500 | 2,000 | 500 | 0 | 801365600050 | NCR 8.5 x 11 White CB | 0.0799 | 39.95 | 0 |
| 0 | 2,000 | 0 | 2,000 | 0 | 801365800110 | NCR 8.5 x 11 Blue CB | 0.0374 | 74.80 | 1,000 |
| 0 | 2,000 | 2,500 | 2,000 | 0 | 801365800150 | NCR 8.5 x 11 canary cfb | 0.0734 | 146.80 | 0 |
| 0 | 3,000 | 2,500 | 3,000 | 0 | 801365800300 | NCR 8.5 x 11 pink cfb | 0.0492 | 147.60 | 0 |
| 0 | 1,000 | 0 | 1,000 | 0 | 801366000150 | NCR 8.5 x 11 canary cf | .01953 | 19.53 | 0 |
| 0 | 1,500 | 0 | 1,500 | 0 | 801365000125 | NCR CF Manila Tag 105# 22.7M 8.5 x 11 | 0.0820 | 123.00 | 785 |
| 0 | 3,070 | 0 | 3,070 | 0 | 801366600050 | NCR Rev 8.5 x 11 precol 2 part | 0.0279 | 85.65 | 11,810 |
| 0 | 11,010 | 0 | 11,010 | 0 | 801366600100 | NCR Rev 8.5 x 11 Precol 3 part | 0.0351 | 386.45 | 3,490 |
| 0 | 2,004 | 0 | 2,004 | 0 | 801366800050 | NCR Usable 8.5 x 11 precol 3 part | 0.0351 | 70.34 | 0 |

**MULTIPLE KIND VALUATION - ENDING BALANCE**

| Quantity On Order | Quantity On Hand | Quantity Unpriced | Quantity Available | Quantity Reserved | Item Number | Item Description | Average Price | Item Valuation | Quantity YTD Usage |
|---:|---:|---:|---:|---:|---|---|---:|---:|---:|
| 0 | 1,100 | 0 | 1,100 | 0 | 801035405300 | Nitecoat Matte Text 80# 23 x 35 136M Cream | 0.1302 | 143.22 | 0 |
| 0 | 1,600 | 0 | 1,600 | 0 | 801068950225 | Nordic C1S Cover 8 pt. 23 x 35 206M White | 0.1509 | 241.44 | 26,200 |
| 0 | 5,900 | 0 | 5,900 | 0 | 801068950300 | Nordic C1S Cover 8 pt. 28 x 40 287M White | 0.2060 | 1,215.40 | 6,000 |
| 0 | 1,600 | 0 | 1,600 | 0 | 801068950350 | Nordic C1S Cover 10 pt. 20 x 26 155M White | 0.1073 | 171.68 | 6,250 |
| 0 | 300 | 3,700 | 300 | 0 | 801068950400 | Nordic C1S Cover 10 pt. 25 x 38 284M White | 0.1846 | 55.38 | 1,800 |
| 0 | 100 | 2,900 | 100 | 0 | 801068950500 | Nordic C1S Cover 12 pt. 20 x 26 185M White | 0.13228 | 13.23 | 0 |
| 0 | 400 | 0 | 400 | 0 | 801068950825 | Nordic C1S Cover 18 pt. 23 x 35 338M White | 0.2417 | 96.68 | 24,000 |
| 0 | 450 | 0 | 450 | 0 | 801095961500 | Options Smooth Cover PC100 100# 23 x 35 310M White | 0.6014 | 270.63 | 0 |
| 0 | 800 | 0 | 800 | 0 | 801335001000 | Parchtone Smooth Text 60# 25 x 38 120M White | 0.2342 | 187.36 | 0 |
| 0 | 250 | 0 | 250 | 0 | 801096403400 | Passport Felt Uncoated Cover 80# 26 x 40 320M Juniper | .55940 | 139.85 | 0 |
| 1,200 | 1,200 | 0 | 1,200 | 0 | 801335100400 | Passport Smooth Text 70# 23 x 35 119M Moonstone | 0.2200 | 264.00 | 0 |
| 0 | 700 | 0 | 700 | 0 | 801511500350 | Polyart 75# 23 x 35  5.5 PT White | .50800 | 355.60 | 0 |
| 0 | 1,000 | 0 | 1,000 | 0 | 801511500550 | Polyart 95# 25 x 38 7 PT White | .71645 | 716.45 | 0 |
| 0 | 7,150 | 0 | 7,150 | 0 | 80151500555 | Polyart 95# 19 x 25 7 pt. | 0.3582250 | 2,561.31 | 0 |
| 0 | 200 | 0 | 200 | 0 | 801036602600 | Porcelain Silk Coated Offset 100# 23 x 35 169M White | 0.1166 | 23.32 | 0 |
| 0 | 50 | 0 | 50 | 0 | 801097206300 | Royal Fiber Smooth Cover 80# 35 x 23 248M Birch | .40000 | 20.00 | 0 |
| 0 | 100 | 0 | 100 | 0 | 801097200300 | Royal Laid Cover 80# 23 x 35 248M Natural | 0.4640 | 46.40 | 0 |
| 0 | 600 | 0 | 600 | 0 | 801097201150 | Royal Linen Cover 80# 35 x 23 248M White | 0.0000 | 0.00 | 0 |
| 0 | 200 | 0 | 200 | 0 | 801335605550 | Royal Linen Text 70# 23 x 35 119M Natural | 0.18625 | 37.25 | 0 |
| 0 | 1,300 | 0 | 1,300 | 0 | 801128404300 | Royal Resource Silk Writing 24# 35 x 23 103M Natural | 0.1582 | 205.66 | 0 |
| 0 | 450 | 0 | 450 | 0 | 801510000100 | Sedona Cover 17 pt. 26.5 x 36 508M Navy | 2.7338 | 1,230.21 | 0 |
| 0 | 200 | 0 | 200 | 0 | 801335800250 | Skytone Smooth Text 60# 25 x 38 120M New White | 0.2296 | 45.92 | 0 |
| 0 | 1,250 | 0 | 1,250 | 0 | 801335100500 | Smart Text 100# 19 x 25 100M White | .20000 | 250.00 | 0 |
| 0 | 350 | 750 | 350 | 0 | 801068300750 | Somerset Matte Coated Cover 9 pt 23 x 35 274M White | 0.3596 | 125.86 | 0 |
| 0 | 1,100 | 0 | 1,100 | 0 | 801038403700 | Somerset Matte Coated Offset 80# 23 x 35 136M White | 0.0942 | 103.62 | 0 |
| 0 | 200 | 0 | 200 | 0 | 801097352500 | Speckletone Smooth Cover 100# 26 x 40 400M Kraft | 0.8120 | 162.40 | 0 |
| 0 | 500 | 0 | 500 | 0 | 801099000100 | Speckletone Vellum Cover 80# 26 x 40 320M Madero Beach | .40000 | 200.00 | 0 |
| 0 | 100 | 0 | 100 | 0 | 801218000170 | Springhill Smooth Index 90# 22.5 x 35 182M Cherry | 0.1583 | 15.83 | 0 |
| 0 | 300 | 0 | 300 | 0 | 801218002350 | Springhill Smooth Index 140# 22.5 x 35 283M Canary | 0.2380 | 71.40 | 0 |
| 0 | 5,100 | 0 | 5,100 | 0 | 801247001100 | Springhill Smooth Tag 125# 22.5 x 28.5 186M Manila | 0.1471 | 750.21 | 0 |
| 0 | 15 | 0 | 15 | 0 | 801247001350 | Springhill Smooth Tag 175# 24 x 36 350M Manila | 0.2940 | 4.41 | 1,250 |
| 0 | 35 | 0 | 35 | 0 | 801018102000 | Springhill Vellum Offset 50# 23 x 35 85M Blue | 0.0740 | 2.59 | 40 |
| 0 | 75 | 0 | 75 | 0 | 801018102100 | Springhill Vellum Offset 50# 23 x 35 85M Canary | 0.0740 | 5.55 | 195 |

| Quantity On Order | Quantity On Hand | Quantity Unpriced | Quantity Available | Quantity Reserved | Item Number | Item Description | Average Price | Item Valuation | Quantity YTD Usage |
|---|---|---|---|---|---|---|---|---|---|
| 0 | 75 | 0 | 75 | 0 | 801018102200 | Springhill Vellum Offset 50# 23 x 35 85M Green | 0.0740 | 5.55 | 0 |
| 0 | 20 | 0 | 20 | 0 | 801018102650 | Springhill Vellum Offset 50# 25 x 38 100M Goldenrod | 0.0900 | 1.80 | 0 |
| 0 | 41,200 | 0 | 41,200 | 0 | 801018104050 | Springhill Vellum Offset 60# 23 x 35 102M Canary | 0.0766 | 3,155.92 | 16,157 |
| 0 | 125 | 0 | -1,705 | 1,830 | 801097370100 | Starbrite Smooth Cover 65# 23 x 35 201M White | 0.1504 | 18.80 | 4,000 |
| 0 | 700 | 0 | 700 | 0 | 801097370125 | Starbrite Smooth Cover 65# 25 x 38 238M White | 0.17126 | 119.88 | 600 |
| 0 | 80 | 0 | 80 | 0 | 801097370150 | Starbrite Smooth Cover 65# 26 x 40 260M White | 0.1950 | 15.60 | 0 |
| 0 | 2,000 | 0 | 2,000 | 0 | 801097370370 | Starbrite Smooth Cover 100# 23 x 35 310M White | 0.2325 | 465.00 | 3,950 |
| 0 | 658 | 500 | 105 | 553 | 801097400950 | Starwhite Smooth Cover 80# 23 x 35 248M Tiara | 0.4850 | 319.13 | 538 |
| 0 | 2,250 | 0 | 2,250 | 0 | 801336000500 | Starwhite Smooth Text 80# 25 x 38 160M Flashwhite | 0.2551 | 573.98 | 0 |
| 0 | 1,000 | 17,300 | 1,000 | 0 | 801030000700 | Sterling Litho C1S Coated Offs 70# 28 x 40 166M White | 0.1378 | 137.80 | 3,900 |
| 0 | 2,000 | 0 | 2,000 | 0 | 801030001100 | Sterling Litho C1S Coated Offs 80# 25 x 38 160M White | 0.1475 | 295.00 | 0 |
| 0 | 2,200 | 0 | 2,200 | 0 | 801030001150 | Sterling Litho C1S Coated Offs 80# 28 x 40 188M White | 0.1691 | 372.02 | 1,700 |
| 0 | 2,500 | 0 | 2,500 | 0 | 801129407500 | Strathmore Script Writing 24# 35 x 22.5 Bri White Pinstr | .20000 | 500.00 | 0 |
| 0 | 500 | 0 | 500 | 0 | 801092800200 | Sundance Felt Cover 80# 26 x 40 320M Adobe Tan | .40000 | 200.00 | 0 |
| 0 | 400 | 0 | 400 | 0 | 801092801000 | Sundance Smooth Cover 80# 23 x 35 248M Honey | .40000 | 160.00 | 0 |
| 0 | 150 | 0 | 150 | 0 | 801098100100 | Synergy Felt Cover 80# 35 x 23 248M Natural | .40000 | 60.00 | 0 |
| 0 | 150 | 0 | 150 | 0 | 801098901750 | Synergy Felt Cover 130# 26 x 40 Firery Red | .40000 | 60.00 | 0 |
| 0 | 36 | 0 | 36 | 0 | 801518000010 | Tag Wire 26 12 Inch | 7.5000 | 270.00 | 0 |
| 0 | 2,450 | 700 | 2,450 | 0 | 801068930350 | Tango Coated Cover 8 pt C1S 28 x 40 290M White | 0.2436 | 596.82 | 0 |
| 0 | 500 | 100 | 375 | 125 | 801068930650 | Tango Coated Cover 10 pt C1S 26 x 40 299M White | 0.2703 | 135.15 | 0 |
| 1,550 | 25 | 300 | -300 | 325 | 801068930800 | Tango Coated Cover 12 pt C1S 20 x 26 175M White | 0.1278 | 3.20 | 310 |
| 0 | 3,287 | 0 | 2,275 | 1,012 | 801068931350 | Tango Coated Cover 15 pt C1S 26 x 40 414M White | 0.2950 | 969.66 | 2,228 |
| 0 | 4,000 | 2,000 | 1,454 | 2,546 | 801068931650 | Tango Coated Cover 18 pt C1S 25 x 38 438M White | 0.3154 | 1,261.60 | 0 |
| 0 | 521 | 950 | 478 | 43 | 801068932200 | Tango Coated Cover 8 pt C2S 20 x 26 144M White | 0.1355 | 70.60 | 204 |
| 0 | 2,000 | 0 | 1,872 | 128 | 801068932550 | Tango Coated Cover 10 pt C2S 20 x 26 173M White | 0.1514 | 302.80 | 1,085 |
| 0 | 1,245 | 0 | 1,145 | 100 | 801068932900 | Tango Coated Cover 12 pt C2S 20 x 26 201M White | 0.1759 | 219.00 | 675 |
| 0 | 600 | 0 | 600 | 0 | 801068933100 | Tango Coated Cover 12 pt C2S 26 x 40 402M White | 0.3518 | 211.08 | 1,400 |
| 0 | 1,100 | 0 | -50 | 1,150 | 801068933650 | Tango Coated Cover 18 pt C2S 25 x 38 484M White | 0.4235 | 465.85 | 0 |
| 0 | 1,100 | 0 | 1,100 | 0 | 801068933675 | Tango Coated Cover 18pt. C2S 26 x 40 530M White | 0.4638 | 510.18 | 0 |
| 0 | 150 | 0 | -1,313 | 1,463 | 801512000100 | Tyvek 18# 23 x 35 White | 1.0690 | 160.35 | 850 |
| 0 | 3,500 | 1,750 | 2,324 | 1,176 | 801068990250 | Value Gloss Coated Cover 80# 26 x 40 320M White | 0.2058 | 720.30 | 51,970 |

**MULTIPLE KIND VALUATION - ENDING BALANCE**

caurand                    Tuesday, March 23, 2010               TIME:     17:10

| Quantity On Order | Quantity On Hand | Quantity Unpriced | Quantity Available | Quantity Reserved | Item Number | Item Description | Average Price | Item Valuation | Quantity YTD Usage |
|---|---|---|---|---|---|---|---|---|---|
| 0 | 5,750 | 0 | 5,647 | 103 | 801068990300 | Value Gloss Coated Cover 80# 28 x 40 345M White | 0.0642 | 369.15 | 77,879 |
| 1,000 | 1,250 | 0 | -950 | 2,200 | 801068990550 | Value Gloss Coated Cover 100# 23 x 35 310M White | 0.2077 | 259.62 | 38,325 |
| 1,750 | 1,500 | 0 | 1,500 | 0 | 801068990600 | Value Gloss Coated Cover 100# 25 x 38 365M White | 0.2227 | 334.05 | 31,870 |
| 0 | 2,025 | 0 | 2,025 | 0 | 801068990650 | Value Gloss Coated Cover 100# 26 x 40 400M White | 0.2440 | 494.10 | 10,900 |
| 0 | 200 | 7,100 | 200 | 0 | 801068990775 | Value Gloss Coated Cover 130# 23 x 35 402M White | 0.2593 | 51.86 | 200 |
| 18,250 | 12,300 | 0 | -57,983 | 70,283 | 801039100250 | Value Gloss Coated Offset 60# 24 x 36 110M White | 0.0632 | 777.36 | 190,825 |
| 62,000 | 530 | 0 | -234,170 | 234,700 | 801039100700 | Value Gloss Coated Offset 70# 24 x 36 127M White | 0.0703 | 37.26 | 747,300 |
| 0 | 6,400 | 0 | 6,400 | 0 | 801039100800 | Value Gloss Coated Offset 70# 28 x 40 165M White | 0.0974 | 623.36 | 198,500 |
| 0 | 4,356 | 0 | 4,019 | 337 | 801039101150 | Value Gloss Coated Offset 80# 23 x 35 136M White | 0.0803 | 349.79 | 292,228 |
| 17,700 | 4,595 | 0 | -49,728 | 54,323 | 801039101200 | Value Gloss Coated Offset 80# 24 x 36 146M White | 0.0820 | 376.79 | 1,002,169 |
| 12,250 | 7,909 | 3,250 | -10,958 | 18,867 | 801039101250 | Value Gloss Coated Offset 80# 25 x 38 160M White | 0.0870 | 688.08 | 54,314 |
| 2,750 | 3,000 | 0 | 3,000 | 0 | 801039101300 | Value Gloss Coated Offset 80# 28 x 40 189M White | 0.0869 | 260.70 | 84,434 |
| 0 | 3,500 | 8,750 | -1,257 | 4,757 | 801039101500 | Value Gloss Coated Offset 100# 19 x 25 100M White | 0.0628 | 219.80 | 12,564 |
| 0 | 1,800 | 0 | 1,768 | 32 | 801039101550 | Value Gloss Coated Offset 100# 23 x 35 169M White | 0.0949 | 170.82 | 60,481 |
| 10,500 | 11,000 | 3,300 | 7,701 | 3,299 | 801039101600 | Value Gloss Coated Offset 100# 24 x 36 182M White | 0.1036 | 1,139.60 | 131,849 |
| 0 | 12,500 | 0 | 12,500 | 0 | 801039101650 | Value Gloss Coated Offset 100# 25 x 38 200M White | 0.1157 | 1,446.25 | 31,142 |
| 1,800 | 2,075 | 0 | 2,075 | 0 | 801068991000 | Value Silk Coated Cover 80# 20 x 26 160M White | 0.1000 | 207.50 | 15,080 |
| 0 | 600 | 0 | 600 | 0 | 801068991050 | Value Silk Coated Cover 80# 23 x 35 248M White | 0.1662 | 99.72 | 3,769 |
| 4,500 | 11,500 | 4,000 | -2,499 | 13,999 | 801068991075 | Value Silk Coated Cover 80# 25 x 38 292M White | 0.1168 | 1,343.20 | 17,750 |
| 9,500 | 2,500 | 0 | 2,500 | 0 | 801068991100 | Value Silk Coated Cover 80# 26 x 40 320M White | 0.1280 | 320.00 | 9,500 |
| 0 | 6,125 | 0 | 6,125 | 0 | 801068991150 | Value Silk Coated Cover 80# 28 x 40 345M White | 0.1906 | 1,167.42 | 4,025 |
| 750 | 650 | 0 | -662 | 1,312 | 801068992000 | Value Silk Coated Cover 100# 20 x 26 200M White | 0.1340 | 87.10 | 4,982 |
| 0 | 467 | 0 | 467 | 0 | 801068992050 | Value Silk Coated Cover 100# 23 x 35 310M White | 0.1983 | 92.61 | 32,578 |
| 0 | 75 | 13,150 | 75 | 0 | 801068992200 | Value Silk Coated Cover 100# 28 x 40 430M White | 0.3053 | 22.90 | 1,755 |
| 0 | 75 | 0 | -425 | 500 | 801068992450 | Value Silk Coated Cover 130# 23 x 35 402M White | 0.2452 | 18.39 | 1,800 |
| 4,000 | 12,400 | 0 | 6,113 | 6,287 | 801039102150 | Value Silk Coated Offset 70# 23 x 35 119M White | 0.0644 | 798.56 | 76,839 |
| 0 | 2,800 | 4,450 | 2,658 | 142 | 801039102200 | Value Silk Coated Offset 70# 24 x 36 127M White | 0.0876 | 245.28 | 12,773 |
| 0 | 4,535 | 0 | 4,535 | 0 | 801039102400 | Value Silk Coated Offset 80# 23 x 35 136M White | 0.0826 | 374.59 | 9,812 |
| 54,750 | 625 | 0 | -78,929 | 79,554 | 801039102450 | Value Silk Coated Offset 80# 24 x 36 146M White | 0.0588 | 36.75 | 181,374 |
| 0 | 1,600 | 21,400 | 1,600 | 0 | 801039102500 | Value Silk Coated Offset 80# 25 x 38 160M White | 0.0976 | 156.16 | 10,000 |
| 0 | 24,050 | 0 | 24,050 | 0 | 801039102550 | Value Silk Coated Offset 80# 28 x 40 189M White | 0.1013 | 2,436.26 | 14,700 |
| 0 | 3,950 | 0 | 3,788 | 162 | 801039102600 | Value Silk Coated Offset 100# 19 x 25 100M White | 0.0562 | 221.99 | 750 |
| 0 | 1,000 | 0 | 1,000 | 0 | 801039102700 | Value Silk Coated Offset 100# 23 x 35 169M White | 0.1082 | 108.20 | 63,700 |
| 0 | 2,350 | 0 | 2,350 | 0 | 801039102800 | Value Silk Coated Offset 100# 24 x 36 182M White | 0.0970 | 227.95 | 29,955 |
| 1,000 | 275 | 0 | -925 | 1,200 | 801039103000 | Value Silk Coated Offset 100# 28 x 40 236M White | 0.1479 | 40.67 | 8,348 |
| 0 | 500 | 0 | 215 | 285 | 801519000150 | Vegetable Parchment Offset 39# 25 x 38 78M White | 0.1141 | 57.05 | 0 |
| 0 | 800 | 0 | 800 | 0 | 801129700150 | Via Laid Writing 24# 35 x 23 102M Brt.White | .16060 | 128.48 | 0 |
| 0 | 36,020 | 0 | 36,020 | 0 | 801019602050 | Xerox Smooth Offset 50# 11 x 17 20M White | 0.0133 | 479.07 | 426,039 |

| Quantity On Order | Quantity On Hand | Quantity Unpriced | Quantity Available | Quantity Reserved | Item Number | Item Description | Average Price | Item Valuation | Quantity YTD Usage |
|---|---|---|---|---|---|---|---|---|---|

**TOTAL Items Processed: 196**

| | | | | |
|---|---|---|---|---|
| **TOTAL Qty On Order:** | 308,105 | | | |
| **TOTAL Qty On Hand:** | 513,725 | | | |
| **TOTAL Qty Unpriced:** | 208,552 | | | |
| **TOTAL Qty Available:** | -208,970 | | | |
| **TOTAL Qty Reserved:** | 722,695 | | | |

| | |
|---|---|
| **TOTAL Stock Value:** | 0.00 |
| **TOTAL Other Value:** | 69,452.94 |
| **TOTAL Material Value:** | 69,452.94 |

| | |
|---|---|
| Item Number Range: | ALL |
| Item Name Range: | ALL |
| Type Code Range: | ALL |
| Sort By: | Item Name |
| Price By: | Average Price |
| Skip On-Hand = 0: | Yes |
| Kinds Selected: | 801 |

**EXHIBIT B**

39988

| Vendor- Contract | Term/Expiration | Monthly Cost | Description | Category |
|---|---|---|---|---|
| MT Business Technology | 12/1/2010 | $ 446.20 | 2 Copiers | Lease |
| MT Business Technology | 6/1/2011 | $ 296.20 | Color Copier | Lease |
| Pitney Bowes | 1/1/2011 | $ 575.00 | Mailing Machine | Lease |
| | | $ 1,317.40 | | |
| GEI Wideformat | 10/31/2010 | $ 441.00 | Veris and Double Proofer | Lease |
| Eastman Kodak | 8/1/2010 | $ 3,031.58 | Nexpress Glosser & Front End Software | Service |
| Eastman Kodak | 8/1/2010 | $ 35.42 | Fusion Pro VDX Software | Service |
| EKCC | 9/1/2010 | $ 11,014.06 | Nexpress | Lease |
| CIT Technology | 8/1/2010 | $ 6,542.18 | Digimaster E125 | Lease |
| Eastman Kodak | 7/31/2010 | $ 2,425.33 | Digimaster /Bookmaker | Service |
| Eastman Kodak | | $ 5,755.76 | Prinergy - Insite - Software- Trendsetter-Plate Veris | Service |
| | | $ 29,245.33 | | |

**Total of all Lease/Service Contracts:**     $ 30,562.73

**EXHIBIT C**

39988

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION, CANTON

```
----------------------------------------------------------x
In re:                                  :   Case No. 10-61033
                                        :
THE HERALD PRINTING COMPANY             :   Chapter 11
                                        :
   an Ohio limited liability company,   :   Judge Russ Kendig
                                        :
           Debtor and                   :
           Debtor-in-Possession.        :
                                        :
(Employer Tax I.D. No. 34-1050454)      :
----------------------------------------------------------x
```

**ORDER PURSUANT TO 11 U.S.C. §§ 363(b), (f), (m), AND 365, AND
FED. R. BANKR. P. 6004, 6006, AND 9014 (I) AUTHORIZING THE DEBTOR TO SELL
SUBSTANTIALLY ALL OF ITS ASSETS FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES AND INTERESTS AND (II) TO ASSUME AND ASSIGN
<u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO</u>**

Before the Court is the motion (the "Sale Motion"), Docket No. \_\_\_\_\_, filed by the

above-captioned debtor and debtor in possession (the "Debtor") on May 17, 2010, requesting

(among other things) the entry of an order pursuant to sections 363(b), (f), (m), and 365 of title

11, United States Code (the "Bankruptcy Code"), and Rules 6004, 6006, and 9014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the sale (the "Sale") of the assets used in the Debtor's operations free and clear of all liens, claims, encumbrances, and interests of whatever type or nature (collectively, the "Interests"), (ii) authorizing the Debtor to assume and assign to the Purchaser, as defined herein, certain executory contracts and unexpired leases associated with the Debtor's business and (iii) granting related relief; this Court having set _____ ___, 2010, as the date for the sale of the Assets and the Assigned Contracts and the Debtor having conducted the sale on _____ ___, 2010; the Debtor having determined that the Purchaser's bid is the best and highest bid for the Assets; the Court having reviewed and considered the Sale Motion and it appearing that the relief requested in the Sale Motion is in the best interest of the Debtor, its estate, creditors, and other parties in interest in this case; after due deliberation thereon; "Purchase Agreement" shall mean the agreement or agreements between the Debtor as seller, on the one hand, and Stump's Converting, Inc. ("Purchaser") as buyer; "Assets" shall mean the assets to be sold to the Purchaser pursuant to the Purchase Agreement, more fully described on Exhibit A attached hereto, and executory contracts and unexpired leases to be assumed and assigned to the Purchaser shown on Exhibit B hereto (the "Assigned Contracts"); and good cause appearing therefore, it is hereby FOUND AND DETERMINED AS FOLLOWS:

A.  The Court has jurisdiction over the Sale Motion and the transactions contemplated by the Sale Motion pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this case and the Sale Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

39997

B. The statutory predicates for the relief requested in the Sale Motion are sections 363(b), (f), (m), and 365 of the Bankruptcy Code and Rules 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure.

C. As evidenced by the affidavit of service, Docket Nos. _____ through _____ previously filed with the Court, and based on the representations of counsel at the hearing held on _____ ___, 2010, on the Sale Motion (the "Hearing") and upon further notice under Rule 6006 of the Federal Rules of Bankruptcy Procedure provided on _____ ____, 2010, to any non-Debtor party to an executory contract that the Debtor proposes to assume and assign to the Purchaser, together with proposed cure amounts to be paid by the Purchaser; (i) proper, timely, adequate, and sufficient notice of the Sale Motion and the sale has been provided in accordance with sections 363 and 365 of the Bankruptcy Code and Rules 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure; (ii) such notice was reasonable, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Sale Motion, is required.

D. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including: (i) counsel for the Purchaser; (ii) counsel for the Debtor's prepetition secured lender(s); (iii) the Office of the United States Trustee; (iv) all entities known to have asserted any lien, claim, encumbrance, alleged interest in or with respect to the Assets; (v) all non-Debtor parties to the Assigned Contracts upon notice provided under paragraph C hereof; and (vi) all other entities that have filed requests for notices pursuant to Bankruptcy Rule 2002.

E. The Debtor has demonstrated sound business justifications for the Sale and the related transactions pursuant to section 363(b) of the Bankruptcy Code.

39997

F.  The Sale was negotiated, proposed, and agreed to by the Debtor and the Purchaser as parties thereto without collusion, in good faith, and from arm's length bargaining positions. Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the Sale to be avoided under section 363(n) of the Bankruptcy Code.  The Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

G.  The consideration provided by the Purchaser for the Assets and the Assigned Contracts (i) is fair and reasonable; (ii) is the highest and best offer for the Assets and the Assigned Contracts; and (iii) will provide a greater recovery for the Debtor's creditors and other interested parties than would be provided by any other available alternative.

H.  The sale of the Assets to the Purchaser under the terms of this Order will be a legal, valid, and effective transfer, and will vest in the Purchaser all right, title, and interest of the Debtor to the Assets free and clear of all Interests including, but not limited to, those (i) that purport to give to any party a right or option to consummate in the future, any sale, contingent sale, title retention agreement or lease relating to the Assets (or a right or option to terminate the Debtor's or the Purchaser' rights therein), or any similar rights, and (ii) relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the Debtor's business prior to the date (the "Closing Date") of the consummation of the Sale (the "Closing").

I.  The Debtor may sell the Assets free and clear of all Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied.  Those holders of Interests and non-Debtor parties who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of Interests fall also within one or more of the other subsections of section 363(f) of the Bankruptcy Code and

4

39997

are adequately protected by having their Interests, if any, attach to the proceeds of the Sale ultimately attributable to the property against or in which they claim or may claim an Interest.

J.   Approval and consummation of the Sale at this time is in the best interest of the Debtor, its creditors, its estate, and other parties in interest.

K.   The Purchaser would not consummate the transactions contemplated by the Sale, thus adversely affecting the Debtor, its estate, and its creditors, if the sale of the Assets were not free and clear of all Interests of any kind or nature whatsoever, or if each Purchaser would, or in the future could, be liable for any such Interests and if the transfer could not be made under section 363 of the Bankruptcy Code.

NOW, THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, EFFECTIVE IMMEDIATELY, THAT:

1.   The Sale Motion shall be, and hereby is granted, as further described herein.

2.   Defined terms not otherwise defined in this Order shall have the meanings given them in the Sale Motion.

3.   All Objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

4.   Any party that received notice of the Sale Motion and did not object shall be deemed to consent to the relief requested therein and ordered hereby.

5.   The Sale as presented to the Court at the hearing on this matter, and all of the terms and conditions thereof, are hereby approved as if fully stated herein, and the Debtor is hereby authorized to execute the Purchase Agreement on such terms as contained therein. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, and in accordance with the terms thereof, as

5

39997

may be necessary to give effect to the intent of the parties as represented to the Court and consummate the transactions contemplated by such agreements, documents or instruments without further order of the Court, provided that any such modification, amendment or supplement is not materially different from the terms presented to the Court and does not have a material adverse effect on the Debtor's estate as defined herein, in form and substance.

6.  Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized and directed to consummate the Sale, pursuant to and in accordance with the terms and conditions of the Purchase Agreement and to take all actions and execute all documents as may be necessary to consummate the Sale or effect the transactions referenced in or otherwise contemplated by the Purchase Agreement.

7.  The Debtor is authorized and directed to execute and deliver, and is empowered to perform under, consummate, and implement, the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, and conveying to the Purchaser or reducing to possession the Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement.

8.  In connection with the assumption and assignment of the Assigned Contracts, the Purchaser shall promptly pay or agree to the payment terms for all Cure Amounts.  Any non-Debtor party to an Assigned Contract that disagrees with or disputes the Cure Amount must file an objection to the Cure Amount no later than July ___, 2010.  In the event that no objection to the Cure Amount is filed, then the non-debtor party to the Assigned Contract shall be deemed to have waived any objection thereto, and the Cure Amount shall be deemed binding on the non-Debtor party and the Purchaser.  The Debtor shall not be required to take any other action or to

6

39997

make any other payment with respect to any defaults under the Assigned Contracts. All non-Debtor parties to Assigned Contracts are hereby enjoined and forever barred from asserting any claim or default, including termination of any Assigned Contract by reason of any claim or default which may exist under such Assigned Contracts, except as may be specified in the Purchase Agreement or as otherwise set forth in this Order.

9. Subject to the provisions of paragraph 8 of this Order, the Debtor is authorized and directed to assume and assign the Assigned Contracts to the Purchaser, free and clear of all Interests, and the assignment of the Assigned Contracts is valid under section 365 of the Bankruptcy Code and the Assigned Contracts will be deemed to have been assumed by the Debtor and assigned to the Purchaser effective as of the Closing Date. Pursuant to section 365(k) of the Bankruptcy Code, the assignment by the Debtor of the Assigned Contracts relieves the Debtor and its estate from any liability from any breach of the Assigned Contracts after the Closing Date.

10. The purchase price to be paid by the Purchaser for the sale and transfer of the Assets under the terms of the Sale and the Purchase Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. The sale of the Assets and other transactions contemplated by the Purchase Agreements may not be avoided under sections 363(k) or (n) of the Bankruptcy Code.

11. The transactions contemplated by the Sale and the Purchase Agreement are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of this Order shall not affect the validity of the Sale of Assets to the Purchaser, unless such Sale and this Order are duly stayed pending appeal. The Purchaser is a purchaser in good faith of the Assets for all purposes.

39997

12. All of the Debtor's interest in the Assets shall be, as of the Closing Date, transferred to and vested in the Purchaser. Upon the Closing Date, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of any assets acquired by the Purchaser under the Purchase Agreement and/or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in the assets acquired by the Purchaser under the Purchase Agreement. In accordance with the Sale and the Purchase Agreement, from and after the Closing Date, the applicable Purchaser shall be granted immediate and unfettered access to the Assets.

13. Except as expressly permitted or otherwise specifically provided for in the Purchase Agreement and this Order, pursuant to sections 105(a), 363(f), and 365 of the Bankruptcy Code, the Assets shall be transferred to the Purchaser free and clear of all Interests of any kind or nature whatsoever, (including but not limited to any liens, claims, rights or encumbrances of any governmental authority or entity, and any other claims, known or unknown, contingent or non-contingent for any environmental liability or products liability), with all such Interests to attach to the net proceeds of the Sale in the order of their priority, with the same validity, force, and effect which they now have as against such assets, subject to any claims and defenses that the Debtor and other parties having Interests in the Assets may possess with respect thereto.

14. Except as expressly permitted by applicable law or otherwise specifically provided for in the Purchase Agreement, or this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and other regulatory authorities, lenders, trade and other creditors holding Interests of any kind or nature whatsoever against or in the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way relating to the operation of the Debtor's business

8

39997

prior to the Closing Date, are hereby forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its successors or assigns (to the extent allowed by law), its property, its officers, and any directors and shareholders of the Purchaser, such persons' or entities' Interests. All holders or beneficiaries of the Interests are hereby directed to cooperate with the Purchaser in delivering such documents reasonably requested by the Purchaser, which may be necessary to evidence and effectuate the extinguishment of any Interests from or against the Assets.

15. If any person or entity that has filed financing statements, assignments, security agreements, lis pendens, or other documents or agreements evidencing Interests in any of the Assets shall not have delivered to the Debtor prior to the Closing Date in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, and releases of all Interests which the person or entity has with respect to the Seller or otherwise, then (a) the Debtor is hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Acquired Assets; and (b) the Purchaser are hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all interests in the Assets of any kind or nature whatsoever.

16. The Debtor is authorized and directed to transfer immediately all proceeds of the Sale to an escrow account, or other segregated account, acceptable to PAF Investments, LLC.

17. This Court retains jurisdiction to endorse and implement the terms and provisions of the Sale and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Assets to the Purchaser; (b) compel delivery of the Purchase Price or performance of other obligations owed to

9

39997

the Debtor; (c) resolve any disputes arising under or related to the Sale or the Purchase Agreement, except as otherwise provided therein; and (d) interpret, implement, and enforce the provisions of this Order.

18. To the extent not inconsistent with or prohibited by applicable law, the Purchaser shall have no liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Assets other than those expressly assumed in the Sale and under the Purchase Agreement or arising under the Assigned Contracts from and after the Closing Date. Without limiting the generality of the foregoing exclusion, the Purchaser is assuming no obligation for, and (to the extent consistent with applicable law) shall have no responsibility with respect to, the Debtor's accounts payable or liabilities under environmental laws. The Purchaser shall be under no obligation to hire any of the Debtor's employees and shall not assume any obligations to or with respect to such employees, including, without limitation, any obligations for employment compensation, benefits or severance or any obligations under or with respect to any ERISA plan, any multiemployer plan or otherwise, including, without limitation, obligations arising under COBRA, any obligation to provide compensation or benefits pursuant to any employment contract, and any obligations under or with respect to any collective bargaining agreements. Except for such obligations expressly assumed by the Purchaser, all persons are hereby enjoined from asserting or prosecuting any claim against the Purchaser to recover on any claim such person had, has or may have against the Debtor, its estate or the Assets.

19. The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of the Debtor, its estate and creditors, the Purchaser, and their respective affiliates, successors, and assigns and any affected third parties (including, but not limited to, all non-Debtor parties asserting interests in the Assets),

39997

notwithstanding any subsequent appointment of any trustee under any chapter of the Bankruptcy Code, upon which trustee such terms and provisions likewise shall be binding.

20. The failure specifically to include any particular provisions of the Sale or the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Sale and the Purchase Agreement be authorized and approved in their entirety as if fully stated herein.

21. Any notices of appeal of this Order must be in writing and must be filed with the Court and served on (a) Anthony J. DeGirolamo, Courtyard Centre, Suite 307, 116 Cleveland Avenue NW, Canton, Ohio 44702; (b) McDonald Hopkins, Attn. Paul Linehan, Esq. 600 Superior Ave. E., Suite 2100, Cleveland, Oho 44114; and (c) Brouse McDowell, Attn. Marc Merklin, Esq., 388 S. Main St., Suite 500, Akron, Ohio 44311. This Order shall be effective immediately upon its entry. The stays provided under Bankruptcy Rules 6004(g) and 6006(d) are both hereby waived and no stay shall apply to the Sale. This Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rule 7062 or otherwise. This Order is, and shall be entered by the Clerk in the records of the Debtors' cases as, a "final" order pursuant to Fed. R. Civ. P. 54 and 58 and Bankruptcy Rules 5003, 7054, and 9021.

###

**PREPARED BY:**

Anthony J. DeGirolamo (0059265)
Courtyard Centre, Suite 307
116 Cleveland Avenue NW
Canton, Ohio 44702
Telephone:  330-588-9700
Facsimile:  330-588-9713
E-mail:  ajdlaw@sbcglobal.net

COUNSEL FOR THE DEBTOR AND
DEBTOR IN POSSESSION

39997

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Order was served via regular U.S. Mail, postage prepaid, upon those listed below, this _____ day of _____, 2010.

_____
Deputy Clerk

| | |
|---|---|
| Office of the United States Trustee<br>Howard Metzenbaum Courthouse<br>201 Superior Ave E Ste 441<br>Cleveland OH 44114 | PAF Investments LLC<br>3100 Dundee Rd Ste 916<br>Northbrook IL 60062 |
| Cavanaugh Law LLC<br>The Hanna Building<br>1422 Euclid Ave Ste 727<br>Cleveland OH 44115 | Citizens Banking Co.<br>Attn. James McGookey, Esq.<br>100 E Water St<br>Sandusky OH 44870 |
| McDonald Hopkins<br>Attn: Paul Linehan<br>600 Superior Ave S Ste 2100<br>Cleveland OH 44114 | Richard Hottenroth, Esq.<br>126 S Market St<br>Galion, Ohio 44833 |
| Robert Bordner<br>8758 Muirfield Dr<br>Naples FL 34109 | First Federal Bank of Ohio<br>140 N Columbus St<br>Galion OH 44833 |
| Anthony J. DeGirolamo, Esq.<br>Courtyard Centre Ste 307<br>116 Cleveland Ave NW<br>Canton OH 44702 | |

12

39997