UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON

---------------------------------------------------------------x
In re:                                              : Case No. 10-61033
                                                    :
THE HERALD PRINTING COMPANY                         : Chapter 11
                                                    :
  an Ohio limited liability company,                : Judge Russ Kendig
                                                    :
        Debtor and                                :
        Debtor-in-Possession.                     :
                                                    :
(Employer Tax I.D. No. 34-1050454)                  :
---------------------------------------------------------------x

### AFFIDAVIT IN SUPPORT OF FINDING OF GOOD FAITH OF PURCHASER OF SUBSTANTIALLY ALL OF THE ASSETS OF THE HERALD PRINTING COMPANY

STATE OF OHIO         )
                      ) SS:
COUNTY OF CRAWFORD    )

David Stump, being first duly sworn, deposes and says as follows:

1. I am the majority owner and president of THE HERALD PRINTING COMPANY ("DEBTOR") and I am authorized to make this affidavit on its behalf. If called as a witness, I can testify competently as to the matter set forth herein. I make this affidavit in support of the Motion of the Debtor for an Order Authorizing the Sale of Substantially all of Its Operating Assets Free and Clear of Liens, Claims, Encumbrances, and Interests and Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (the "Motion") and the

request within the Motion for a finding of the Court that the sale is in good faith and that the purchaser of the Debtor's assets at the sale will be entitled to the protections of section 363(m) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). Unless otherwise defined, all capitalized terms and phrases used in this affidavit have the meaning given to them in the Motion. As part of the sale of its assets, the Debtor has accepted a bid from for its assets from HPC Acquisition, Co., Inc. (the "Bidder").

2. I have no connection with, nor am an insider of (as "insider" is defined in section 101(31) of the Bankruptcy Code) of the Bidder or any of its affiliates, except as follows:

   a. that the Bidder is owned by a trust, the beneficiaries of which are the children of David and Suzanne Stump. The trustees and co-settlors of the trust are David Stump and Suzanne Stump;
   b. David Stump and Suzanne Stump are directors of the Bidder;
   c. Suzanne Stump is the President and Treasurer of the Bidder;
   d. David Stump is the Vice President and Secretary of the Bidder and will be receiving compensation at the same rate as his employment with the Debtor; and
   e. David Stump is the majority owner and President of the Debtor.

3. Furthermore, the Bidder has not promised or proposed to provide any consideration of any kind or sort, or agreement or promise of employment, in connection to the sale proposed by the Debtor as it relates to the undersigned except as set forth herein above.

4. To the best of my knowledge, the negotiations regarding the sale of the Debtor's Assets and terms of the sale of its assets has been conducted at arm's length and in good faith.

_____
The Herald Printing Company
By: David Stump
Title: President

SWORN TO and subscribed before me this 26th day of July _____, 2010.

_____
Notary Public

My Commission Expires 8/26/2013

2

60239